**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MALDJIAN & FALLON LLC**
Brian M. Gaynor, Esq. (BG 0387)
365 Broad Street, Third Floor
Red Bank, New Jersey 07710
Attorneys for Defendant,
Marcos Falchi

---

Cyber Champion International, Ltd.

vs.

Carlos Falchi, Marcos Falchi, and
XYZ Companies

Case No.: 07 CIV 9503 (LAK)

ECF CASE
ELECTRONICALLY FILED

---

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

    PRELIMINARY STATEMENT ........................................................................ 1

II. STATEMENT OF FACTS ................................................................................ 1

III. ARGUMENT ................................................................................................... 3

    A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR INSUFFICIENCY
    OF SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(B)(5) ............... 3

        1. Standard Governing 12(b)(5) Motions ............................................................ 3

        2. Plaintiff's Complaint Must Be Dismissed Because Plaintiff Failed to
        Properly Serve the Summons and Complaint on Defendant ........................... 4

    B. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO
    STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) ................................ 7

        1. Standard Governing 12(b)(6) Motions ............................................................ 7

        2. The Third Cause of Action Fails to State a Cause of Action for Breach of
        Contract Against Defendant Marcos Falchi ....................................................... 8

            a. Plaintiff Fails to State a Cause of Action for Breach of Contract against
            Defendant Because the Breach is Only Alleged Against Co-Defendant
            Carlos Falchi ....................................................................................................... 8

            b. Plaintiff Fails to State a Cause of Action for Breach of Contract against
            Defendant Because the Plaintiff Fails to Allege the Existence of a Contract
            with Defendant .................................................................................................... 9

            c. Plaintiff Fails to State a Cause of Action for Breach of Contract Against
            Defendant Because the Plaintiff Fails to Allege Performance of Its
            Obligations Under the Contract ......................................................................... 9

        3. The Fourth Cause of Action Fails to State a Cause of Action for Unjust
        Enrichment ............................................................................................................ 10

        4. The Fifth Cause of Action is Premised Solely on The Third Cause of
        Action and Must Be Dismissed Once Those Counts are Dismissed, and
        Additionally Fails to State a Claim for Tortious Interference with Prospective
        Economic Advantage ........................................................................................... 12

a.  Plaintiff's Claims of Intereference with a Contract Must Fail if It Cannot Allege a Breach of Contract Against Any Party ........................................... 12

b.  Plaintiff's Claims of Tortious Interference With Prospective Economic Advantage Must Fail Because Plaintiff Has Not Alleged that Defendant Intentionally Interfered with Plaintiff's Contract with Carlos Falchi ........ 14

c.  Plaintiff's Claims of Tortious Interference With Prospective Economic Advantage Must Fail Because Plaintiff Has Not Alleged that Defendant Intentionally Interfered with Plaintiff's Contract with Carlos Falchi for the Sole Purpose of Harming the Plaintiff or by Wrongful Means ................... 17

C.  COUNTS THREE, FOUR AND FIVE SHOULD BE DISMISSED IN THE ALTERNATIVE FOR FAILURE TO PROPERLY PLEAD WITH PARTICULARITY ..................................................................................................... 18

1.  Standard Governing (9b) Motions ................................................................. 18

2.  Plaintiff's Complaint Alleges Fraudulent Conduct and Therefore Must Be Pled with Particularity ............................................................................................ 20

3.  In the alternative, Paragraph 25 of Plaintiff's Complaint Should Be Stricken for Failure to Plead with Particularity ................................................. 22

IV.  CONCLUSION ........................................................................................................ 23

## TABLE OF AUTHORITY

**Cases**

Am. Bldg. Maint. Co. v. ACME Prop. Servs., 515 F. Supp. 2d 298, 315 (D.N.Y. 2007), citing Antonios A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc., 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000) ........................................................ 13

Amnay v. Del Labs, 117 F. Supp. 2d 283, 286 (D.N.Y. 2000) ................................. 5, 6

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (surviving a motion to dismiss "requires more than labels and conclusions") ........................................ 15

Campaniello Imps., Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 663 (2d Cir. 1997) ................................................................................................................................ 18, 23

Champion Home Builders Co. v. ADT Sec. Servs., 179 F. Supp. 2d 16, 22 (D.N.Y. 2001) ................................................................................................................................ 9

Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193, 521 N.Y.S. 2d 653 (1987) ................................................................................................................. 10

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1956) ........................................... 7

De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) ............................. 13

Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003)............................ 7

DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) ........................................................................................................................................ 18

EBS Dealing Res., Inc. v. Intercontinental Exch., Inc., 379 F. Supp. 2d 521, 532 (D.N.Y. 2005).............................................................................................................. 22

Envirosource, Inc. v. Horsehead Resource Dev. Co., 1996 WL 363091 (S.D.N.Y. 1996) .............................................................................................................................. 17

G.K.A. Beverage Corp. v. Honickman, 55 F.3d 762, 768 (2d Cir. 1995)................. 15

Gianni Versace S.p.A. v. Versace, 2003 WL 470340, at *2 (S.D.N.Y. Feb. 25, 2003). ................................................................................................................................ 16, 17

Grandon v. Merrill Lynch & Co. Inc., 147 F.3d 184, 188 (2d Cir. 1998) (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993)) ................................ 7

Graystone Materials, Inc. v. Pyramid Champlain Co., 604 N.Y.S.2d 295, 296 (App. Div. 1993) ................................................................................................................ 11

Hack v. President & Fellows of Yale College, 237 F.3d 81, 88 (2d Cir. 2000) .......... 7

Herlihy v. Metro. Museum of Art, 608 N.Y.S.2d 770, 775 (Sup. Ct. 1994) ............. 15

Hoffman v. Petrizzi, 144 A.D.2d 437, 534 N.Y.S.2d 11, 12 (App. Div. 1988) ........... 6

Hughes v. BCI Int'l Holdings, Inc., 452 F. Supp. 2d 290, 304 (D.N.Y. 2006) .... 10, 11

In re Natural Gas Commodity Litig., 358 F. Supp. 2d 336, 343 (S.D.N.Y. 2005) ... 19

In re Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678, 690-91 (S.D.N.Y. 2000) ............. 19

Israel v. Wood Dolson Co., 1 N.Y.2d 116, 120, 157 N.Y.S. 2d 1 (1956). .................. 12

Korn v. Princz, 641 N.Y.S.2d 283, 283 (App. Div. 1996) ........................................... 15

Krause v. Forex Exch. Mkt., Inc., 356 F. Supp. 2d 332, 338 n.49 (S.D.N.Y. 2005) . 18, 19

Kravetz v. Brukenfeld, 591 F. Supp. 1383, 1386 (D.N.Y. 1984), citing Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 114 ....................................................... 21, 22

Kreiss v. McCown De Leeuw & Co., 37 F. Supp. 2d 294, 298 (D.N.Y. 1999) ........... 9

Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ............... 3

Mina Inv. Holdings Ltd. v. Lefkowitz, 16 F. Supp. 2d 355, 361 (S.D.N.Y. 1998) ... 11

Morgan v. Central Gen. Hosp., 179 A.D.2d 740, 579 N.Y.S.2d 125 (App. Div. 1992) ................................................................................................................................. 6

Nadel v. Play-by-Play Toys & Novelties, Inc., 208 F.3d 368, 382 (2d Cir. 2000) .. 14, 17

O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991) ............ 18

Orange County Choppers, Inc. v. Olaes Enters., 497 F. Supp. 2d 541, 562 (D.N.Y. 2007) ............................................................................................................................. 12

Payday Advance Plus, Inc. v. Findwhat.com, Inc., 478 F. Supp. 2d 496, 504 (D.N.Y. 2007), citing Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1272 (S.D.N.Y. 1991)) ............................................................................. 10

*PKG Group, LLC v. Gamma Croma, S.p.A.*, 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006) (quoting *Fine v. Dudley D. Doernberg & Co.*, 610 N.Y.S.2d 566, 566 (App. Div. 1994)............................................................................................. 15, 18

*Pocahontas Supreme Coal v. Nat'l Mines Corp.*, 90 F.R.D. 67, 73 (S.D.N.Y. 1981) .................................................................................................................... 22

*Riverside Mktg., LLC v. SignatureCard, Inc.*, 425 F. Supp. 2d 523, 537 (D.N.Y. 2006), citing *Nakamura v. Fujii*, 253 A.D.2d 387, 390, 677 N.Y.S.2d 113 (1st Dept. 1998) ............................................................................................... 10, 11

*Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) .......................................... 18, 19

*Ross v. A.H. Robins Co.*, 607 F.2d 545, 557................................................................ 21

*Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir. 1974), cert. denied, 421 U.S. 976 (1975)...................................................................................... 23

*Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 851 (S.D.N.Y. 2000) ................... 17

*Segal v. Gordon*, 467 F.2d 602, 607, 95 S. Ct. 1976 (2d Cir. 1972). ............... 18, 21, 23

*Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) (quoting *Moore's Federal Practice* ¶ 12.07[2.-5], at 12-63 to 12-64 (2d ed. 1993))............... 7

*Zdenek Marek v. Old Navy (Apparel) Inc.*, 348 F. Supp. 2d 275, 280 (S.D.N.Y. 2004) ...................................................................................................... 15, 16

**Statutes**

N.Y. C.P.L.R. § 308(1) ......................................................................................... 6, 7

N.Y. C.P.L.R. § 308(2) ......................................................................................... 6, 7

**Other Authorities**

2A J. Moore & J. Lucas, Moore's Federal Practice para. 9.03 ................................... 29

Black's Law Dictionary 264 (6th ed. 1990).............................................................. 27

**Rules**

FED. R. CIV. P. 12(b)(5)................................................................................... 1, 4, 31

FED. R. CIV. P. 12(b)(6)...................................................................................passim

FED. R. CIV. P. 4(e) ...................................................................................... 4, 5, 6

FED. R. CIV. P. 9(b).........................................................................................passim

## I.  INTRODUCTION

Defendant Marcos Falchi ("Defendant") respectfully submits this Memorandum of Law in Support of his Motion to Dismiss Plaintiff Cyber Champion International, Ltd.'s ("Plaintiff") Complaint, with prejudice and without leave to amend, pursuant to FED. R. CIV. P. 12(b)(5) for insufficiency of service of process; to dismiss, with prejudice and without leave to amend, Counts Three, Four and Five under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted;  and to dismiss the complaint, with prejudice and without leave to amend, pursuant to FED. R. CIV. P. 9(b).

### PRELIMINARY STATEMENT

Plaintiff has sued to stop Defendant from using the trademark CHI BY FALCHI in connection with certain goods, to recover damages based on an alleged agreement between Plaintiff Cyber Champion International, Ltd. and Co-Defendant Carlos Falchi ("Co-Defendant"), for an alleged inducement to breach said agreement and/or tortious interference with prospective economic advantage, and unjust enrichment.  Plaintiff's Complaint, however, was not properly served on Defendant, fails to state of causes of action, and fails to plead with requisite particularity.

### II.  STATEMENT OF FACTS

Defendant Marcos Falchi is an individual residing at 25 Tudor City Place, Suite 210, New York, New York 10017. Decl. of Marcos Falchi, ¶ 1.  Defendant is the owner of the trademark CHI BY FALCHI, as well as U.S. Trademark Application Serial No. 78331576 for CHI BY FALCHI in International Class 18 for:

> handbags; pocketbooks; purses; briefcase-type portfolios; key cases; wallets; attaché cases; tote bags; luggage; multi-purpose sport bags; traveling trunks and carry-on bags; shoulder bags; garment bags for traveling; umbrellas; parasols; walking sticks; whips; harnesses and saddlery; trunks; satchels; clutch bags; rucksacks; travel trunks; drawstring pouches; hat boxes for travel; leather and imitation bags for shopping; cosmetic and vanity cases sold empty; document cases; traveling cases; business card cases,

filed on November 21, 2003, and U.S. Trademark Application Serial No. 77057413 for

CHI BY FALCHI in International Class 25 for:

> belts; blazers; blouses; boots; bottoms; caps; coats; dresses; ear muffs; earbands; fleece pullovers; footwear; gloves; hats; head wear; hosiery; jackets; kerchiefs; lingerie; loungewear; neckwear; pants; pullovers; robes; scarves; shirts; shoes; shorts; skirts; sleepwear; suits; suspenders; sweaters; swim wear; underwear; vests,

filed on December 5, 2006. Decl. of Marcos Falchi, ¶ 2. Defendant has been using the

trademark CHI BY FALCHI in commerce since at least as early January 1, 2004. Decl. of

Marcos Falchi, ¶ 3. <u>See Exhibit B.</u>

Defendant is the sole owner of the trademark CHI BY FALCHI. Decl. of Marcos

Falchi, ¶ 4.

Upon information and belief, Co-Defendant Carlos Falchi entered into a License

Agreement with Plaintiff regarding the licensing and use of the marks CARLOS

FALCHI. Decl. of Marcos Falchi, ¶ 5. Defendant was not and is not party to said

License Agreement. Decl. of Marcos Falchi, ¶ 6. Defendant has no privity to, or

business relationship, with Plaintiff in any way. Decl. of Marcos Falchi, ¶ 7.

Defendant was never properly served with the Summons and Complaint. Decl.

of Marcos Falchi, ¶ 8. Plaintiff delivered a copy of the Summons and Complaint to a

temporary secretary at the office of Co-Defendant Carlos Falchi, known as Design and

Development Labs, LLC, located at 260 West 39th Street, 7th Floor, New York, New York

10018. Decl. of Marcos Falchi, ¶ 9. The secretary was not been authorized by Defendant

to receive service of process on his behalf. Decl. of Marcos Falchi, ¶ 10. Defendant also

does not maintain a place of business at 260 West 39th Street, 7th Floor, New York, New

York 10018. Decl. of Marcos Falchi, ¶ 11. Defendant was never served with the

Summons and Complaint at his home address. Decl. of Marcos Falchi, ¶ 12.

Attached as Exhibit A is a copy of the Complaint. A review of the pleading

reveals that the Complaint is not only defective on its face, but fails to state certain

causes of action against Defendant, and fails to plead with requisite particularity.

### III. ARGUMENT

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR INSUFFICIENCY OF SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5)

#### 1. Standard Governing 12(b)(5) Motions

When a defendant makes a Rule 12(b)(5) motion, it is the plaintiff's burden of

proof to establish its service of process was adequate. <u>Mende v. Milestone Tech., Inc.,</u>

269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) Plaintiff has utterly failed to effectuate proper

service of the Summons and Complaint upon Defendant Marcos Falchi, and therefore,

the Complaint should be dismissed in its entirety.

Proper service is further defined in FED. R. CIV. P. 4(e). Rule 4(e) states:

> Unless federal law provides otherwise, an individual--other than a
> minor, an incompetent person, or a person whose waiver has been
> filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

## 2. Plaintiff's Complaint Must Be Dismissed Because Plaintiff Failed to Properly Serve the Summons and Complaint on Defendant

Plaintiff has not satisfied the requirements of FED. R. CIV. P. 4(e).  Plaintiff did not deliver a copy of the Summons and Complaint to Defendant Marcos Falchi personally, did not leave a copy of the Summons and Complaint at Defendant Marcos Falchi's dwelling or usual place of abode with anyone of suitable age and discretion who resides there, and Plaintiff did not deliver a copy of the Summons and Complaint to any agent authorized by appointment or by law to receive service of process. See Decl. of Marcos Falchi, ¶ 9-12.   Instead, Plaintiff delivered a copy of the Summons and Complaint to a temporary ("temp") secretary at the office of Co-Defendant Carlos Falchi, known as Design and Development Labs, LLC, located at 260 West 39th Street, 7th Floor, New York, New York 10018. See Decl. of Marcos Falchi, ¶ 9.  The temp was not authorized by appointment or by law to receive service of process on behalf of Defendant Marcos Falchi.  See Decl. of Marcos Falchi, ¶ 10.  Defendant Marcos Falchi also does not maintain a place of business at 260 West 39th Street, 7th Floor, New York, New York

10018. See Decl. of Marcos Falchi, ¶ 11. Defendant Marcos Falchi was never served with the Summons and Complaint at his home address. See Decl. of Marcos Falchi, ¶ 12.

Federal Rule of Civil Procedure 4(e) provides that service on an individual within the United States may be made by (1) personally delivering a copy of the summons and complaint to the individual; (2) leaving copies at the individual's home; (3) delivering a copy to an agent authorized by appointment or law to receive process; (4) mailing a copy of the summons and complaint according to the procedure set out in Rule 4(d); or (5) in the manner prescribed by the law of the state in which the district court is located. Amnay v. Del Labs, 117 F. Supp. 2d 283, 286 (D.N.Y. 2000)

The law of the State of New York, for purposes of Rule 4(e)(1), allows for four methods of personal service on an individual, including "delivering the summons within the state to the person to be served" under N.Y. C.P.L.R. § 308(1) and "leave and mail" service under N.Y. C.P.L.R. § 308(2), which involves:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served *at his or her actual place of business* in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing.... N.Y. C.P.L.R. § 308(2) (McKinney's) (emphasis added).

Leaving a copy of the summons and complaint with a third party's temporary secretary when the addressed individual is not present does not constitute personal service under N.Y. C.P.L.R. § 308(1). Amnay at 283. New York courts view service on a receptionist as ineffective service on an individual when that individual is not present in the reception room at the time such service is made. See Morgan v. Central Gen. Hosp., 179 A.D.2d 740, 579 N.Y.S.2d 125 (App. Div. 1992); Hoffman v. Petrizzi, 144 A.D.2d 437, 534 N.Y.S.2d 11, 12 (App. Div. 1988). Further, although N.Y. C.P.L.R. § 308(2)--New York's "leave and mail" provision--allows plaintiffs to serve an individual defendant by delivering a copy of the summons and complaint within the state to a person at the "actual place of business" of the person to be served, such service is not complete until a copy of the summons and complaint is also, within 20 days, sent by first-class mail in a specially marked envelope. Id. Therefore, the Court need not even reach the question whether delivery to Defendant Marcos Falchi was at his "actual place of business" at the time of the alleged service, because Plaintiff does not allege that they undertook the second requisite step of sending the summons and complaint via first-class mail in a specially marked envelope at all, and have not filed proof of such service with the Clerk of the Court. Therefore, Plaintiff's Complaint should be dismissed in its entirety based on Plaintiff's ineffectual and improper service.

## B. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)

### 1. Standard Governing 12(b)(6) Motions

The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief.  Hack v. President & Fellows of Yale College, 237 F.3d 81, 88 (2d Cir. 2000).  In reviewing a Rule 12(b)(6) motion, courts must "accept as true the factual allegations made in the complaint and draw all inferences in favor of the pleader." Grandon v. Merrill Lynch & Co. Inc., 147 F.3d 184, 188 (2d Cir. 1998) (citing Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993)). However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Ying Jing Gan v. City of New York, 996 F.2d 522, 534 (2d Cir. 1993) (quoting Moore's Federal Practice ¶ 12.07[2.-5], at 12-63 to 12-64 (2d ed. 1993)). The complaint may only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1956); see also Desiano v. Warner-Lambert Co., 326 F.3d 339, 347 (2d Cir. 2003).

**2. The Third Cause of Action Fails to State a Cause of Action for Breach of Contract Against Defendant Marcos Falchi**

    **a. Plaintiff Fails to State a Cause of Action for Breach of Contract against Defendant Because the Breach is Only Alleged Against Co-Defendant Carlos Falchi**

The Third Cause of Action of Plaintiff's Complaint should be dismissed for failure to state a cause of action for breach of contract as against Defendant Marcos Falchi.

Plaintiff has not stated a claim upon which relief can be granted against Defendant Marcos Falchi for breach of contract, because <u>Plaintiff has not alleged a breach of contract against Defendant at all</u>. The Third Cause of Action of Plaintiff's Complaint states: "The foregoing activities of Carlos Falchi constitute breaches of the License Agreement." Plaintiff's Complaint, ¶ 47. Nowhere in The Third Cause of Action does Plaintiff allege that Defendant Marcos Falchi breached the License Agreement, much less that Marcos was even a party to the License Agreement at all. Indeed, a review of the License Agreement, attached to Plaintiff's Complaint as part of Exhibit 1, demonstrates that Defendant Marcos Falchi is not mentioned in the License Agreement, is not contemplated by the License Agreement, did not sign the License Agreement, and is clearly not a party to the License Agreement. Plaintiff certainly cannot allege a claim for which relief can be granted for breach of the License Agreement against Marcos, because Defendant cannot have breached that to which he was not a party. Therefore, the Third Cause of Action must be dismissed as against Defendant Marcos Falchi.

**b. Plaintiff Fails to State a Cause of Action for Breach of Contract against Defendant Because the Plaintiff Fails to Allege the Existence of a Contract with Defendant**

To prevail in an action for breach of contract under New York law, a plaintiff must satisfy four elements: 1) the making of a contract, 2) plaintiff's performance of the contract, 3) defendant's breach of the contract and 4) damages suffered by the plaintiff. Kreiss v. McCown De Leeuw & Co., 37 F. Supp. 2d 294, 298 (D.N.Y. 1999) (dismissing breach of contract claim for failure to state a claim). Plaintiff has failed to plead the existence of a contract between itself and Defendant Marcos Falchi.  Failure to properly plead an essential element of a cause of action will not withstand a Rule 12(b)(6) motion. See Champion Home Builders Co. v. ADT Sec. Servs., 179 F. Supp. 2d 16, 22 (D.N.Y. 2001).  Plaintiff has failed to properly plead an essential element of a breach of contract claim, namely the existence of a contract between Plaintiff and Defendant Marcos Falchi.  Therefore, the breach of contract claim should therefore be dismissed pursuant to Rule 12(b)(6).

**c. Plaintiff Fails to State a Cause of Action for Breach of Contract Against Defendant Because the Plaintiff Fails to Allege Performance of Its Obligations Under the Contract**

In addition, Plaintiff has failed to properly plead a breach of contract against *any* defendant.  As stated above, to prevail in an action for breach of contract under New York law, a plaintiff must allege its performance of the contract. Kreiss, 37 F. Supp.2d at 298.  Plaintiff has not pled a performance of its obligations to Carlos Falchi under the License Agreement.  In fact, even the most liberal reading of the Complaint does not make clear any of Plaintiff's obligations under the Agreement, much less whether

Plaintiff performed any of them. This failure to plead an essential element of Plaintiff's breach of contract claim is fatal to the Third Cause of Action, and it must be dismissed.

### 3. The Fourth Cause of Action Fails to State a Cause of Action for Unjust Enrichment

The Fourth Cause of Action of Plaintiff's Complaint should be dismissed for failure to state a cause of action for unjust enrichment against Defendant Marcos Falchi. Unjust enrichment is a quasi-contract claim, and the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter. Payday Advance Plus, Inc. v. Findwhat.com, Inc., 478 F. Supp. 2d 496, 504 (D.N.Y. 2007), citing Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1272 (S.D.N.Y. 1991)); see also Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193, 521 N.Y.S. 2d 653 (1987). An unjust enrichment claim is an equitable quasi-contract claim, not a tort claim. Payday, 478 F. Supp. 2d at 504, citing Golden Pac. Bancorp v. F.D.I.C., 546 U.S. 1012, 126 S. Ct. 621 (1997).

To state a claim for unjust enrichment, Plaintiff must allege that it conferred a benefit upon Defendant Marcos Falchi and that Defendant obtained such benefit without adequately compensating plaintiff therefore. Riverside Mktg., LLC v. SignatureCard, Inc., 425 F. Supp. 2d 523, 537 (D.N.Y. 2006), citing Nakamura v. Fujii, 253 A.D.2d 387, 390, 677 N.Y.S.2d 113 (1st Dept. 1998); see also Hughes v. BCI Int'l Holdings, Inc., 452 F. Supp. 2d 290, 304 (D.N.Y. 2006). Plaintiff's claim of unjust enrichment against Defendant Marcos Falchi must fail because Plaintiff conferred no

benefit on Marcos. Decl. of Marcos Falchi, ¶ 6-7. In fact, Plaintiff performed no services for Marcos at any time. Plaintiff and Defendant Marcos Falchi have no privity at all. Decl. of Marcos Falchi, ¶ 6-7. Without privity, Plaintiff could not confer any benefit on Marcos. With no benefit conferred, there can be no unjust enrichment. Riverside Mktg., 425 F. Supp. 2d at 537. As demonstrated above, Defendant Marcos Falchi was never a party to the License Agreement. Even if Plaintiff could show that Defendant received some sort of benefit as a result of the License Agreement between Plaintiff and Carlos Falchi, Plaintiff's claim of unjust enrichment must still fail. The existence of an express agreement bars a quasi-contract claim concerning the subject matter covered by that express agreement. Hughes, 452 F. Supp. 2d at 304. A valid written agreement may preclude a claim for unjust enrichment even against a non-party to that agreement. Id.

The rule that an unjust enrichment claim does not lie where a valid, enforceable written contract governs the same subject matter extends to cases where one of the parties was not a party to the contract. Id. at 504. See also Mina Inv. Holdings Ltd. v. Lefkowitz, 16 F. Supp. 2d 355, 361 (S.D.N.Y. 1998); Graystone Materials, Inc. v. Pyramid Champlain Co., 604 N.Y.S.2d 295, 296 (App. Div. 1993). While the Complaint alleges a "collusion relationship" (See infra Part III.C (discussing counts "sounding in fraud")) between Defendant Marcos Falchi and Co-Defendant Carlos Falchi (Plaintiff's Complaint ¶ 25, 30), it does not allege that Defendant Marcos Falchi received any money or benefit stemming from the License Agreement. Hence, there is no basis for an unjust enrichment claim against Defendant Marcos Falchi. The Fourth Cause of Action should therefore be dismissed.

**4. The Fifth Cause of Action is Premised Solely on The Third Cause of Action and Must Be Dismissed Once Those Counts are Dismissed, and Additionally Fails to State a Claim for Tortious Interference with Prospective Economic Advantage.**

    **a. Plaintiff's Claims of Intereference with a Contract Must Fail if It Cannot Allege a Breach of Contract Against Any Party**

To properly plead a cause of action for inducement of breach of contract, Plaintiff must allege: (1) the existence of a valid contract between Plaintiff and Carlos Falchi; (2) Defendant's knowledge of that contract; (3) Defendant's intentional procuring of the breach of that contract by Carlos Falchi by wrongful means, and (4) damages. Israel v. Wood Dolson Co., 1 N.Y.2d 116, 120, 157 N.Y.S. 2d 1 (1956). An essential element of such a cause of action is breach of the contract. Id. Plaintiff's Fifth Cause of Action must fail if Plaintiff is unable to properly plead such breach. As demonstrated above, Plaintiff's Third Cause of Action for breach of contract must be dismissed. Therefore, Plaintiff's Fifth Cause of Action must necessarily be dismissed as well.

Plaintiff also fails to allege an essential element of its inducement claim. Plaintiff does not allege that Defendant used any wrongful means to supposedly induce Co-Defendant Carlos Falchi to breach the License Agreement. Wrongful means' includes physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. Orange County Choppers, Inc. v. Olaes Enters., 497 F. Supp. 2d 541, 562 (D.N.Y. 2007). Plaintiff does not allege that Defendant employed any of these means to induce a breach of the Agreement. Without this essential pleading element, Plaintiff's Fifth Cause of Action cannot stand and must be dismissed.

In addition, Plaintiff has failed to properly plead that Defendant intentionally procured breach of the License Agreement between Plaintiff and Carlos Falchi. The law requires some factual specificity in pleading claims of tortious interference with contract. Am. Bldg. Maint. Co. v. ACME Prop. Servs., 515 F. Supp. 2d 298, 315 (D.N.Y. 2007), citing Antonios A. Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc., 100 F. Supp. 2d 178, 186 (S.D.N.Y. 2000). See also De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996). General and conclusory allegations do not sufficiently plead a tortious interference of contract claim based on the standard established by the Second Circuit. Am. Bldg. Maint. Co., 515 F. Supp. 2d at 315. Plaintiff's Complaint merely alleges that "Marcos Falchi's wanton, willful and knowing conduct … constitutes an interference … with the contractual rights of Plaintiff pursuant to the License Agreement." Plaintiff's Complaint, ¶ 57. The conclusory language Plaintiff's Complaint does not rise to the level of pleading that Defendant intentionally procured breach of the License Agreement by Carlos Falchi.

As stated above, the Third Cause of Action must be dismissed because Plaintiff has not properly alleged a breach of the subject License Agreement. As a result, the Fifth Cause of Action against Defendant Marcos Falchi should also be dismissed because its sole allegation is that the Defendant induced Co-Defendant Carlos Falchi to breach the License Agreement with Plaintiff. Plaintiff's Complaint. ¶ 58-59. When breach of contract claims are dismissed for failure to allege a breach, it logically follows that the interference with contract claim, such as those alleged in The Fifth Cause of Action, must be dismissed as well.

**b. Plaintiff's Claims of Tortious Interference With Prospective Economic Advantage Must Fail Because Plaintiff Has Not Alleged that Defendant Intentionally Interfered with Plaintiff's Contract with Carlos Falchi**

The Fifth Cause of Action also appears to allege tortious interference with prospective economic advantage[1], but it consists of nothing more than vague allegations that do not sufficiently identify any specific instance of tortious interference or any prospective economic advantage. See Plaintiff's Complaint, ¶ 55-59. Plaintiff fails to plead the precise prospective economic advantage, and how Defendant interfered with said advantage. The Fifth Cause of Action should therefore be dismissed for failure to state a claim.

To succeed on a claim for tortious interference of prospective economic advantage under New York law, a plaintiff must prove the following elements: "(1) the existence of business relations between the plaintiff and a third party; (2) that the defendant intentionally interfered with those relations; (3) that the defendant so acted either (a) for the sole purpose of harming the plaintiff or (b) by wrongful means; and (4) resultant injury to the plaintiff's business relations with a third party." Nadel v. Play-by-Play Toys & Novelties, Inc., 208 F.3d 368, 382 (2d Cir. 2000).

Plaintiff's vague allegations underlying this claim are not enough to state a claim for tortious interference with prospective economic advantage. Notice pleading requires more than a simple recitation of the four elements. Bell Atl. Corp. v. Twombly,

---

[1] Plaintiff's inartfully drafted Complaint does not state this specific tort as a separate, titled count. Plaintiff merely alleges that Plaintiff and Co-Defendant Carlos Falchi had an ongoing relationship "with the prospect and probability of future economic remuneration and advantage." (Plaintiff's Complaint, ¶ 55). This language is consistent with a claim for tortious interference with prospective economic advantage, and Defendant must assume that Plaintiff intends to allege this tort.

127 S. Ct. 1955, 1964-65 (2007) (surviving a motion to dismiss "requires more than labels and conclusions"). In <u>Twombly</u>, the Supreme Court specifically held that "a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> Rather, the allegations in the Complaint must "possess enough heft to 'show that the pleader is entitled to relief,'" and must cross over the line from "possibility" to "plausibility." <u>Id.</u> at 1966.

This tort is difficult to sustain given that a plaintiff must meet a more "demanding" standard than, for instance, a plaintiff seeking relief for other business torts. <u>See</u> <u>PKG Group, LLC v. Gamma Croma, S.p.A.</u>, 446 F. Supp. 2d 249, 251 (S.D.N.Y. 2006) (<u>quoting</u> <u>Fine v. Dudley D. Doernberg & Co.</u>, 610 N.Y.S.2d 566, 566 (App. Div. 1994). This means that to survive a motion to dismiss, Plaintiff must allege specific facts showing that *Defendant intentionally interfered with a known business relationship through wrongful, malicious, or unlawful means and without justification.* <u>Herlihy v. Metro. Museum of Art</u>, 608 N.Y.S.2d 770, 775 (Sup. Ct. 1994)(emphasis added).

In this case, Plaintiff has not stated that Co-Defendant Carlos Falchi was actually and wrongfully prevented from entering into or continuing in a specific business relationship as a result of Defendant Marcos Falchi's conduct. <u>See, e.g.,</u> <u>Korn v. Princz</u>, 641 N.Y.S.2d 283, 283 (App. Div. 1996). Plaintiff has likewise pointed to no allegation that Defendant Marcos Falchi directed any activities toward Co-Defendant Carlos Falchi and convinced him not to enter into a business relationship with Plaintiff. Without such an allegation, Plaintiff fails to state a claim. <u>See, e.g.,</u> <u>G.K.A. Beverage Corp. v. Honickman</u>, 55 F.3d 762, 768 (2d Cir. 1995); <u>Zdenek Marek v. Old Navy (Apparel) Inc.</u>, 348 F. Supp. 2d 275, 280 (S.D.N.Y. 2004).

To be clear: "A 'general allegation of interference ... without any sufficiently particular allegation of interference with a specific contract or business relationship' will not withstand a motion to dismiss." Id. (emphasis added) (quoting New York state law cases). Plaintiff has done precisely what the Court in Herlihy held is insufficient to state a claim. Plaintiff's Complaint alleges virtually no details to support either of the first two elements of a claim, namely "direct interference with a third party, that is, the defendant must direct some activities toward the third party and convince the third party not to enter into a business relationship with the plaintiff." Gianni Versace S.p.A. v. Versace, 2003 WL 470340, at *2 (S.D.N.Y. Feb. 25, 2003). Rather, the Complaint completely fails to allege precisely how Defendant directly interfered with Carlos Falchi and convinced Carlos Falchi not to enter in a business relationship with Plaintiff, or to breach his existing contract with Plaintiff. In conclusory fashion, Plaintiff then alleges that the Defendant's conduct in some undescribed way "constitutes an interference with not only Plaintiff's rights in the Trademarks, but with the contractual rights of Plaintiff pursuant to the License Agreement." Plaintiff's Complaint, ¶ 57. Plaintiff also vaguely alleges that Defendant's conduct "was a substantial and inducing cause of the breach of, and was an unlawful interference with the License Agreement by and between Carlos Falchi and Plaintiff.

This is not enough to state a claim. Courts in this District, applying New York law, have consistently granted Rule 12(b)(6) motions to dismiss claims of tortious interference with prospective economic advantage where, as here, a plaintiff has not pled sufficient facts to support the required first and second elements of the tort. See,

e.g., Envirosource, Inc. v. Horsehead Resource Dev. Co., 1996 WL 363091 (S.D.N.Y. 1996) (dismissing claim that plaintiff was prevented from entering into unidentified "business relationships with actual and prospective customers"); Gianni Versace S.p.A., 2003 WL 470340, at *2 (dismissing claim because "plaintiff makes no attempt to allege a specific business relationship with which defendant interfered" and "plaintiff fails to allege the manner in which defendant interfered with business relationships") (emphasis in original); Scholastic, Inc. v. Stouffer, 124 F. Supp. 2d 836, 851 (S.D.N.Y. 2000) (same).

### c. Plaintiff's Claims of Tortious Interference With Prospective Economic Advantage Must Fail Because Plaintiff Has Not Alleged that Defendant Intentionally Interfered with Plaintiff's Contract with Carlos Falchi for the Sole Purpose of Harming the Plaintiff or by Wrongful Means

Finally, Plaintiff has failed to include any allegations that support the third element of this tort—that Defendant acted "either . . . for the sole purpose of harming Plaintiff or . . . by wrongful means." See Nadel at 382. To survive dismissal, a plaintiff must allege specific facts that demonstrate such culpable conduct; it cannot rely on "conclusory" statements. Scholastic, Inc., 124 F. Supp. 2d. at 851 (dismissing claim because "conclusory statement . . . that plaintiffs acted 'dishonest[ly], unfair[ly] or improper[ly] (wrongful[ly])' without any further explanation of the means employed" was "insufficient to allege malice or unlawful means").

Plaintiff does not even remotely allege that Defendant did anything "for the sole purpose of harming" Plaintiff. Furthermore, in claiming some unlawful conduct, Plaintiff relies solely on conclusory statements. It alleges that Defendant engaged in

"wanton, willful and knowing conduct" without providing a single detail regarding Defendant's alleged conduct or the manner in which that conduct might be deemed tortious. Plaintiff's Complaint, ¶ 57. Such vague allegations are insufficient to withstand a motion to dismiss.

In sum, Plaintiff has fallen far short of providing "fair notice to defendants as to the conduct upon which plaintiff bases its claim." See PKG Group, 446 F. Supp. 2d at 252. The Fifth Cause of Action therefore must be dismissed.

## C. COUNTS THREE, FOUR AND FIVE SHOULD BE DISMISSED IN THE ALTERNATIVE FOR FAILURE TO PROPERLY PLEAD WITH PARTICULARITY.

### 1. Standard Governing (9b) Motions

FED. R. CIV. P. 9(b), states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Rule 9(b) is designed to provide a defendant with fair notice of the plaintiff's claim, safeguard the defendant's reputation from improvident charges of wrongdoing and protect against strike suits. Campaniello Imps., Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 663 (2d Cir. 1997); O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991); DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987); Segal v. Gordon, 467 F.2d 602, 607, 95 S. Ct. 1976 (2d Cir. 1972).

Allegations must satisfy FED. R. CIV. P. 9(b) if the claim is based on fraudulent conduct. Krause v. Forex Exch. Mkt., Inc., 356 F. Supp. 2d 332, 338 n.49 (S.D.N.Y. 2005); see Rombach v. Chang, 355 F.3d 164, 171 (2d Cir. 2004) ("Rule 9(b) applies to "all averments of fraud ... This wording is cast in terms of conduct alleged, and is not

limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action."). This includes non-fraud claims which are based on claims of which fraud is a necessary element as well as those claims "sounding in fraud."

Generally, a non-fraud claim will "sound in fraud" if the claim arose out of events that the pleading describes in terms of fraud, or the pleading includes a claim based on fraud, and the non-fraud claim incorporates the fraud allegations. For example, in Rombach, the Court of Appeals ruled that although fraud is not an element of claims under §§ 11 and 12(a)(2) of the Securities Act, the pleader must comply with Rule 9(b) if the claims "rely upon averments of fraud." Id. at 171. The Court then proceeded to examine the allegations in the pleading, and concluded that the non-fraud claims sounded in fraud. The complaint described the relevant statements as "misleading," "inaccurate, "untrue" and "false," and "the wording and imputations of the complaint are classically associated with fraud." Id. at 172; see also In re Natural Gas Commodity Litig., 358 F. Supp. 2d 336, 343 (S.D.N.Y. 2005)(non-fraud claim sounded in fraud where complaint alleged a scheme through which the defendants disseminated "inaccurate, misleading, and false trading information," and participated in "fraudulent trading strategies"); Krause, 356 F. Supp. 2d at 338 n.49 (Rule 9(b) applied to breach of fiduciary duty claim that incorporated all of the plaintiffs' fraud allegations and added that the defendants "fraudulently" caused the plaintiff to enter into the transactions described in the complaint); In re Ultrafem Inc. Sec. Litig., 91 F. Supp. 2d 678, 690-91 (S.D.N.Y. 2000)(non-fraud claim sounded in fraud where

complaint incorporated by reference allegations that the defendant engaged in a continuing scheme to present a distorted and misleading picture of a corporations financial condition, internal controls and business prospects, notwithstanding "boilerplate" disclaimer that allegations sounding in fraud were not incorporated).

### 2. Plaintiff's Complaint Alleges Fraudulent Conduct and Therefore Must Be Pled with Particularity

Here, Counts Three, Four and Five of Plaintiff's Complaint are being alleged based on fraudulent conduct, and are therefore subject to Rule 9(b).   Plaintiff's Complaint states:

> Upon information and belief, Carlos Falchi and Marcos Falchi, have, with respect to all of the acts, conduct, breaches, infringements and violations subject hereof, **acted in collusion, for the illegal purpose of violating the rights of Plaintiff in connection with the Trademarks and the License Agreement**. Plaintiff's Complaint, ¶25 (emphasis added).

The Complaint further alleges:

> The collusive and illegal acts of Carlos Falchi and Marco [sic] Falchi include the filing of an application for trademark registration, in December, 2006, purportedly on behalf of Marcos Falchi for trademark registration of "Chi By Falchi" for goods covered by Plaintiff's Trademarks, when, in truth and in fact, Marcos Falchi, with respect to the "Chi By Falchi" registration is acting as no more than a front and alter ego of Carlos Falchi, who, by the terms of the License Agreement incorporated into the Stipulation is forbidden by Court Order from such registrations." Plaintiff's Complaint, ¶25.

Black's Law Dictionary defines "collusion" as: "an agreement between two or more persons to *defraud* a person of his rights by the forms of law, or to obtain an object forbidden by law.  It implies the existence of *fraud* of some kind, the employment of

fraudulent means, or of lawful means for the accomplishment of an unlawful purpose."
See Black's Law Dictionary 264 (6th ed. 1990)(emphasis added).

Plaintiff alleges multiple times in its statement of facts that Defendant Marcos
Falchi acted in collusion with Co-Defendant Carlos Falchi, and that Defendant Marcos
Falchi was merely "a front and alter ego" for Carlos Falchi. These claims sound in fraud
in that Plaintiff's allegations of collusion necessarily include an allegation of intent on
the part of Defendants Marcos and Carlos Falchi to defraud Plaintiff, based on the very
definition of collusion. Furthermore, the allegation that Defendant Marcos Falchi is
merely acting as a front for Co-Defendant Carlos Falchi is likewise sounding in fraud, as
such an allegation of one party being "a front" for another is typically associated with
fraudulent acts, in that one party is misrepresenting himself as one entity when in fact
he is the other.

Counts Three, Four and Five sound in fraud because Plaintiff's Complaint
incorporates by reference the above-referenced allegations that the defendants colluded
and that one acted as a front and alter ego for the other. These allegations do not plead
sufficient facts to withstand a Rule 9(b) motion. Mere conclusory allegations that the
defendants' conduct was fraudulent are not enough. Kravetz v. Brukenfeld, 591 F.
Supp. 1383, 1386 (D.N.Y. 1984), citing Decker v. Massey-Ferguson, Ltd., 681 F.2d 111,
114; Ross v. A.H. Robins Co., 607 F.2d 545, 557; Segal v. Gordon, 467 F.2d at 607.
Instead, the complaint must allege with some specificity the act or statements
constituting the fraud, or in this case, the collusion. Kravetz, 591 F. Supp. at 1386, citing
Decker, 681 F.2d at 114; Ross, 607 F.2d at 557.

This means that Plaintiff must state the time, place and content of the collusion, and what was obtained or given up as a consequence of the collusion. <u>Kravetz</u>, 591 F. Supp. at 1386, <u>citing</u> 2A J. Moore & J. Lucas, <u>Moore's Federal Practice</u> para. 9.03, at 9-20 through 9-24 (1984) (footnote omitted); <u>also citing</u> <u>Pocahontas Supreme Coal v. Nat'l Mines Corp.</u>, 90 F.R.D. 67, 73 (S.D.N.Y. 1981) ("[Rule 9(b)] requires that in addition to pleading the time, place and contents of the allegedly fraudulent statements, the identity of the maker of the misrepresentation must be disclosed.").

Plaintiff has failed to allege with any specificity the act or statements constituting the alleged collusion.    Plaintiff has failed to state the time, place and content of the alleged collusion.  Plaintiff's unsubstantiated claims that Defendants Marcos and Carlos Falchi acted in collusion, and that Defendant Marcos Falchi is a front and alter ego for Co-Defendant Carlos Falchi, is simply not enough, and is not pled with the requisite particularity required by Rule 9(b).  Therefore, Counts Three, Four and Five must be dismissed.

### 3.  In the alternative, Paragraph 25 of Plaintiff's Complaint Should Be Stricken for Failure to Plead with Particularity

In the alternative, Defendant hereby moves to strike Paragraph 25 of Plaintiff's Complaint. <u>See</u> <u>EBS Dealing Res., Inc. v. Intercontinental Exch., Inc.</u>, 379 F. Supp. 2d 521, 532 (D.N.Y. 2005).  As demonstrated above, Paragraph 25 states that "Upon information and belief, Carlos Falchi and Marcos Falchi, have, with respect to all of the acts, conduct, breaches, infringements and violations subject hereof, acted in collusion …"  Plaintiff's Complaint, ¶25.  As a rule, a pleader cannot allege fraud based upon

information and belief unless the facts are "peculiarly within the opposing party's knowledge." Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374, 379 (2d Cir. 1974), cert. denied, 421 U.S. 976 (1975). Even in those cases, the pleader must allege facts upon which the belief is founded. Campaniello Imps., 117 F.3d at 664; Schlick, 507 F.2d at 379; Segal, 467 F.2d at 608. The allegation contained in Paragraph 25 is not information peculiarly within Plaintiff's knowledge, nor could it possibly be. Therefore, Plaintiff cannot plead fraud upon information and belief. Paragraph 25 should therefore be stricken from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant Marcos Falchi respectfully requests that this Honorable Court dismiss all of the claims against him pursuant to FED. R. CIV. P. 12(b)(5), FED. R. CIV. P. 12(b)(6), and FED. R. CIV. P. 9(b). Defendant also requests any other relief to which he is entitled, either at law or in equity.

Dated:        Red Bank, New Jersey
              January 17, 2008

                                   Brian Gaynor, Esq. (BG 0387)
                                   **MALDJIAN & FALLON LLC**
                                   365 Broad Street, Third Floor
                                   Red Bank, New Jersey 07701
                                   P.732.275.3100
                                   F.732.530.2039
                                   bgaynor@mfiplaw.com
                                   Attorneys for Defendant