# EXHIBIT C

Dwight Yellen (DY 6547)
BALLON STOLL BADER & NADLER, P.C.
1450 Broadway – 14th Floor
New York, NY 10018
212.575-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x

CYBER CHAMPION INTERNATIONAL, LTD.,          07 Civ. 9503 (LAK)(DFE)

        Plaintiff,

        - against -

CARLOS FALCHI, MARCOS FALCHI and          (Jury trial demanded)
XYZ COMPANIES,

        Defendants.
--------------------------------x

### ANSWER & COUNTERCLAIMS

      Defendant Carlos Falchi ("Carlos"), by his undersigned counsel, answers the complaint and counterclaims, upon information and belief, as follows:

      1.  Admits the allegations in this numbered paragraph of the complaint.

      2.  Admits the allegations in this numbered paragraph of the complaint.

      3.  Admits the allegations in this numbered paragraph of the complaint.

      4.  Admits the allegations in this numbered paragraph of the complaint.

      5.  Admits the allegations in this numbered paragraph

00112262;9                                                    1

of the complaint.

6.   Denies the allegations in this numbered paragraph of the complaint, except admits that Carlos consented to the jurisdiction of this Court.

7.   Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

8.   Admits the allegations in this numbered paragraph of the complaint.

9.   Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

10.   Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

11.   Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

12.   Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

13.   Denies the allegations in this numbered paragraph of the complaint.

14.   Denies the allegations in this numbered paragraph

of the complaint.

15.  Admits the allegations in this numbered paragraph of the complaint.

16.  Admits the allegations in this numbered paragraph of the complaint.

17.  Admits the allegations in this numbered paragraph of the complaint.

18.  Denies the allegations in this numbered paragraph of the complaint.

19.  Denies the allegations in this numbered paragraph of the complaint.

20.  Denies the allegations in this numbered paragraph of the complaint.

21.  Denies the allegations in this numbered paragraph of the complaint.

22.  Denies the allegations in this numbered paragraph of the complaint.

23.  Denies the allegations in this numbered paragraph of the complaint, except admits the notice is annexed to the complaint.

24.  Denies the allegations in this numbered paragraph of the complaint.

25.  Denies the allegations in this numbered paragraph of the complaint.

26. Denies the allegations in this numbered paragraph of the complaint, except admits that a copy of the email is annexed to the complaint.

27. Admits the allegations in this numbered paragraph of the complaint.

28. Denies the allegations in this numbered paragraph of the complaint.

29. Admits the allegations in this numbered paragraph of the complaint.

30. Denies the allegations in this numbered paragraph of the complaint, except admits that Plaintiff filed an opposition in the PTO.

31. Denies the allegations in this numbered paragraph of the complaint, except admits the notices are annexed to the complaint.

32. Denies the allegations in this numbered paragraph of the complaint.

33. Denies the allegations in this numbered paragraph of the complaint.

34. Repeats his responses as set forth in the previous paragraphs.

35. Denies the allegations in this numbered paragraph of the complaint.

36. Denies the allegations in this numbered paragraph

of the complaint.

37. Denies the allegations in this numbered paragraph of the complaint.

38. Denies the allegations in this numbered paragraph of the complaint.

39. Repeats his responses as set forth in the previous paragraphs.

40. Denies the allegations in this numbered paragraph of the complaint.

41. Denies the allegations in this numbered paragraph of the complaint.

42. Denies the allegations in this numbered paragraph of the complaint.

43. Denies the allegations in this numbered paragraph of the complaint.

44. Denies the allegations in this numbered paragraph of the complaint.

45. Repeats his responses as set forth in the previous paragraphs.

46. Denies the allegations in this numbered paragraph of the complaint.

47. Denies the allegations in this numbered paragraph of the complaint.

48. Denies the allegations in this numbered paragraph

of the complaint.

49. Repeats his responses as set forth in the previous paragraphs.

50. Denies the allegations in this numbered paragraph of the complaint.

51. Denies the allegations in this numbered paragraph of the complaint.

52. Repeats his responses as set forth in the previous paragraphs.

53. Denies the allegations in this numbered paragraph of the complaint.

54. Denies the allegations in this numbered paragraph of the complaint.

55. Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

56. Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

57. Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the complaint.

58. Denies knowledge or information sufficient to respond to the allegations in this numbered paragraph of the

complaint.

59. Denies the allegations in this numbered paragraph of the complaint.

## FIRST AFFIRMATIVE DEFENSE

60. The complaint fails to state a claim for relief

## SECOND AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred because plaintiff is guilty of unclean hands

## THIRD AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred because plaintiff is guilty of laches.

## FOURTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred because plaintiff has acquiesced in the use of the mark.

## FIFTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred because plaintiff fraudulently obtained or continued its registration.

## SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred because plaintiff has abandoned the mark.

## SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred because plaintiff is estopped from challenging Carlos's use of the mark.

### *Facts common to all Counterclaims*

67. During the period subsequent to plaintiff's alleged termination of the alleged license agreement, Carlos made payments to plaintiff as provided in the alleged license agreement.

68. These payments were accepted by plaintiff without objection or reservation.

69. Plaintiff had express knowledge of the use of the marks about which it complains.

70. Carlos provided a reconciliation and proffered payment, pursuant to the reconciliation, to plaintiff.

71. In 2007 Carlos advised plaintiff that he had an opportunity to grow the business concerning the Licensed Products under the alleged license agreement.

72. By virtue of falsely misrepresenting and maintaining that the alleged license agreement was terminated and pursuing the instant action Carlos lost the opportunity to grow the business concerning the Licensed Products under the alleged license agreement.

73. These actions caused Carlos damage in an amount that presently cannot be determined but which is reasonably believed to exceed $5,000,000.

## FIRST COUNTERCLAIM

74. Plaintiff breached the alleged license agreement.

75. The breach caused Carlos damage in an amount that

presently cannot be determined but which is reasonably believed to exceed $5,000,000.

## SECOND COUNTERCLAIM

76.   Plaintiff has been unjustly enriched by retaining funds remitted to it.

77.   Plaintiff has wrongfully retained funds in an amount that presently cannot be determined but which is reasonably believed to exceed $5,000,000.

## THIRD COUNTERCLAIM

78.   Plaintiff knew of the proposed business opportunity that Carlos had.

79.   Plaintiff intentionally interfered with the proposed business opportunity that Carlos had.

80.   Had plaintiff not interfered the proposed business opportunity would have been entered into by and between Carlos and a third party.

81.   Plaintiff's interference was done in a wrongful manner.

82.   Plaintiff's interference was done in a manner cloaked as a legal right.

83.   Plaintiff's wrongful interference caused Carlos damage in an amount that presently cannot be determined but which is reasonably believed to exceed $5,000,000.

WHEREFORE, Carlos demands judgment dismissing the

complaint; awarding damages on the counterclaims in an amount that presently cannot be determined but which is reasonably believed to exceed $5,000,000; interest, costs, disbursements, attorneys fees; and such relief as this Court deems just and proper.

Dated:      New York, New York
            14 January 2008

                              BALLON STOLL BADER & NADLER,
                              P.C.


                              By: _Dwight Yellen_____
                                    Dwight Yellen (DY 6547)

                              *Attorneys for Defendant*
                                *Carlos Falchi*
                              1450 Broadway – 14th Floor
                              New York, New York 10018
                              T.   212.575-7900
                              F.   212.764-5060
                              E.   dyellen@ballonstoll.com




To:       Harlan M. Lazarus, Esq
          LAZARUS & LAZARUS, P.C.
          240 Madison Avenue – 8th Floor
          New York, New York   10016

          Brian Gaynor, Esq.
          MALDJIAN & FALLON LLC
          365 Broad Street – 3rd Floor
          Red Bank, New Jersey 07701


00112262;9                                              10

## AFFIRMATION/CERTIFICATION OF SERVICE

DWIGHT YELLEN, an attorney duly admitted to practice before the Courts of the State of New York and New Jersey, affirms, declares and certifies under penalty of perjury:

I am not a party to the action, am over 18 years of age, am a member of Ballon Stoll Bader & Nadler, P.C. and have an office at 1450 Broadway, New York, New York 10018 and 505 Main Street, Hackensack, New Jersey 07601. On January 14, 2008 I served or caused to be served a true copy of the annexed papers in the following manner:

☐ By hand delivery,

☐ By overnight courier,

☐ By telefax,

Fax Numbers: _____

☒ By regular mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Harlan M. Lazarus, Esq
LAZARUS & LAZARUS, P.C.
240 Madison Avenue – 8th Floor
New York, New York   10016

Brian Gaynor, Esq.
MALDJIAN & FALLON LLC
365 Broad Street – 3rd Floor
Red Bank, New Jersey 07701

Dated: New York, New York
        January 14, 2008

_____
DWIGHT YELLEN

00112271;1