UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                                      Case No.: 07 CV 9503 (LAK)

                  Plaintiff,

       - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                  Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT, MARCOS FALCHI, TO DISMISS THE COMPLAINT OF PLAINTIFF, CYBER CHAMPION INTERNATIONAL, LTD.

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff*
240 Madison Avenue
New York, New York 10016
212.889.7400

## TABLE OF CONTENTS

I.      INTRODUCTION                                          1

II.     PRELIMINARY STATEMENT                                 1

III.    STATEMENT OF FACTS                                    4

        1.    Marcos Has Been Properly Served            7

        2.    No Claim Has Been Asserted Against Marcos for
              Breach of Contract                         8

        3.    Cyber Has Stated a Claim For Unjust Enrichment   10

        4.    Cyber's Interference With the Contract Claim Should
              Not Be Dismissed                           12

        5.    Marcos' Fed. R. Civ. P. 9(b) Arguments Are Mere
              Surplus                                    14

IV.     CONCLUSION                                           15

# TABLE OF AUTHORITIES

**CASES**                                                              **PAGE**

*Alexander v. Unification Church*
    634 F. 2d. 673, 675  (2d  Cir. 1980)                              7

*Beres v. Thomson McKinnon Securities, Inc.*
    1989 WL 105967 (S.D.N.Y.) 1989                                  9

*CSC Holdings, Inc. v. Fung*
    349 F. Supp. 2d 613 (E.D.N.Y.) 2004.                            7

*Chequers Investments Associates II v.*
*American National Bank and Trust Company of Chicago et. al.*
    1994 WL 496786 (N.D. Ill.) 1994                                 9

*Continental Cas. Co. V. PPOG Industries, Inc.*
    1987 WL 6601 (N.D. Ill.), 1987                                  9

*First City, Texas-Houston, N.A. v. Rafidain Bank*
    1992 WL 296434 (S.D.N.Y.)                                       7

*Grammenos v. C.M. Lemos*
    457 F.2d 1067; 1071 (2d Cir. 1972)                              7

*Hughes v. BCI Int'l Holdings*
    452 F. Supp. 2d 290 (D.N.Y)                                    12

*Leab v. Streit*
    584 F. Supp. 748, 762 (S.D.N.Y.) 1984                           7

*Mantin  v. Broadcast Music, Inc.*
    248 F.2d 530, 531                                               9

*Matarese v. Moore-McCormack Lines,*
    158 F. 2d 631, 634 (2d Cir. 1946)                            10, 11

**RULES, STATUTES, & OTHER CITES**

*Fed. R. Civ. P. 12 (b)(5)*                          1, 14, 15

*Fed. R. Civ. P. 12 (b)(6)*                          1,3,

*Fed. R. Civ. P. 9(b)*                               1, 3, 14, 15

*Fed. R. Civ. P. 4*                                  *7*

*New York Jurisprudence, Second Edition, "Interference"§6*        *12*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

Case No.: 07 CV 9503 (LAK)

Plaintiff,

- against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,

Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT, MARCOS FALCHI, TO DISMISS THE COMPLAINT OF PLAINTIFF, CYBER CHAMPION INTERNATIONAL, LTD.

## I. INTRODUCTION

Plaintiff Cyber Champion International, Ltd. ("Cyber" or "Plaintiff") respectfully submits this Memorandum of Law in Opposition to the Motion of Defendant Marcos Falchi ("Marcos") (the "Motion") to Dismiss Cyber's Complaint, with prejudice pursuant to Fed. R. Civ. P. 12 (b) (5), 12 (b) (6) and Fed. R. Civ. P. 9(b).

For the reasons set forth the Motion should be denied.

## II. PRELIMINARY STATEMENT

Cyber commenced this action against Marcos and his brother Carlos Falchi ("Carlos") and "XYZ Companies" ("XYZ") by filing of Cyber's Complaint in this Court on October 24, 2007.

Cyber's Complaint arises out of a License Agreement entered into by and

between Cyber and Carlos dated December 31st, 2004.

The December 31st, 2004 License Agreement (the "License Agreement") was entered into in connection with the consensual discontinuance with prejudice of a prior action in this Court captioned, "Carlos Falchi v. Cyber Champion International, Ltd. A British Virgin Islands Corporation" (the "Prior Action") which such Prior Action was assigned this Court's Civil Index Number 02 CV 8072. The with prejudice dismissal of the Prior Action was subject of a "So Ordered" Stipulation of Discontinuance signed by U.S.D.J. Richard Holwell on February 2, 2005.

The License Agreement, *inter alia*, set forth Cyber's license to Carlos of Trademark Registrations 1,116,624 and 1,477,810 (the "Trademarks"). Each of the Trademarks incorporates Carlos' full name, "Carlos Falchi". The License Agreement set forth Carlos' recognition of Cyber as the sole and exclusive owner of the Trademarks.

Cyber's Complaint in this action sets forth Cyber's ownership of the Trademarks and, *inter alia*, Carlos' breach of the License Agreement.

Cyber's Complaint sets forth:

a)  A First Cause of Action for Trademark Infringement against Marcos , Carlos and XYZ for their use in commerce, of a mark "Chi by Falchi" (the "Infringing Mark"), which such Infringing Mark  infringes the Trademarks.

b)  A Second Cause of Action for Unfair Competition against Marcos, Carlos and

XYZ for Lanham Act violations arising out of Carlos, Marcos and XYZ's use
in commerce of the Infringing Mark.

c)  A Third Cause of Action for breach of the License Agreement asserted solely
against Carlos.

d)  A Fourth Cause of Action asserted against Carlos, Marcos and XYZ for unjust
enrichment.

e)  A Fifth Cause of Action asserted against Marcos for interference with
contractual rights and inducing a breach of the contract.

The Motion seeks the dismissal of the Complaint as against Marcos for
insufficiency of process. The Motion seeks the dismissal of the Complaint's Third,
Fourth and Fifth Causes of Action for a variety of reasons pursuant to Fed. R. Civ. P. 12
(b) (6) and Fed. R. Civ. P. 9 (b).

The Motion, other than on insufficiency of process arguments, does not address
Cyber's First Cause of Action for Trademark Infringement or Second Cause of Action
for Unfair Competition

For the reasons set forth, the Motion should be denied.

In particular, and insofar as the Complaint seeks dismissal for insufficiency of
process, the Summons and Complaint have since been reserved. See accompanying
Affirmation of Harlan M. Lazarus, Esq.

-3-

### III. STATEMENT OF FACTS

The facts, limited to those pertinent to the Motion, are next set forth.

Cyber's Complaint alleges that Cyber is the exclusive owner of the Trademarks. Complaint ¶13. The License Agreement sets forth Cyber's exclusive ownership of the Trademarks and associated goodwill. Complaint ¶19. The License Agreement granted Carlos Falchi a license only to the use of the Trademarks and provided for Carlos' relinquishment of "attribution rights". Complaint ¶20; ¶21.

Cyber's Complaint alleges, *inter alia*, Carlos' breach by his use of the Infringing Mark. ¶23

Cyber's Complaint at ¶30 specifically sets forth the "collusive and illegal acts of [Carlos and Marcos]" in the filing by Marcos as the alter ego for Carlos for registration of the Infringing Mark.

Cyber's Complaint includes as Exhibit "F" a License Agreement termination notice from Cyber to Carlos. Exhibit F to the Complaint refers to specific correspondence and conduct reflecting Carlos' breach of the License Agreement, including an "unauthorized transfer of rights under the Agreement" and unpaid royalties.

According to Carlos, "Marcos tried to register [the Infringing Mark ("Chi by Falchi") in 2003 when he was not working with [Carlos] and When [Carlos] asked

[Marcos] to join [Carlos], he has since dropped this and the Chi brand is under our attributions [sic] agreement with Cyber champion." See Exhibit D to the Complaint, an e-mail from Carlos to Cyber sent September 13, 2006, separately annexed to the accompanying Affirmation of Harlan M. Lazarus, Esq. in Opposition to the Motion (the "HML Aff.") as Exhibit "A" (hereinafter, exhibits to the HML Aff. are designated as "Ex. ___"). [1]

The substance of Carlos September 13th, 2006 e mail to Cyber is repeated in a separate September 12, 2006 e-mail from Carlos to Harlan M. Lazarus, Esq., included in Exhibit D to the Complaint and separately annexed to the HML Aff. as Ex. "B". The September 13th, 2006 e mail, however, includes the additional statement, "Please note that since I brought Marcos to work with me, I am the person appearing on television selling the products." [2]

Carlos has answered the Complaint. A copy of Carlos' "Answer and Counterclaim" ("Carlos Answer") is annexed to the HML Aff. as Ex. "C". Carlos admits that Carlos' "principal office" is at 260 West 39th Street. See Complaint paragraph "8" and Carlos Answer paragraph "8".

Carlos has not raised a jurisdictional or sufficiency of process defense.

Carlos was served with process as set forth in an Affidavit of Service (the "Carlos

---

[1] Carlos admits sending the September 13, 2006 e-mail to Cyber. See paragraph 27 of Complaint and paragraph 27 of Carlos Answer annexed to the HML Aff. as Ex. "C".
[2] Carlos admits sending the September 12, 2006 e-mail to Harlan M. Lazarus, Esq. See paragraph 29 of Complaint and paragraph 29 of Carlos Answer annexed to the HML Aff. as Ex. "C".

Aff.") filed with this Court and appearing on the docket of this action as Docket Entry "3". A copy of the Carlos Aff. is annexed to the HML Aff. as Ex. "D".

The Carlos Aff. , insofar as pertinent, sets forth a delivery of, *inter alia*, the Summons and Complaint upon Carlos by the delivery of same to a "suitable age person" "Sue Moe (co-worker)" on October 31st, 2007 at Carlos' "principal office" at 260 West 39th Street, New York City, New York , 8th Floor and the subsequent mailing of same on November 2, 2007 to Carlos "c/o Design Development Lab, Inc." "in a first class post paid envelope properly addressed to defendant at defendant's actual place of business, at 260 West 39th Street, New York, N.Y. 10018, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant."

Docket Entry "4" in this action reflects the filing of an Affidavit of Service of, *inter alia*, the Summons and Complaint upon Marcos (the "Marcos Aff."). A copy of the Marcos Aff. is annexed to the HML Aff. as Ex. "E".

The Marcos Aff. is, but for the designation of the individual upon whom service was made, an exact duplication of the Carlos Aff.. Marcos' argument at page 6 of Marcos' Memorandum of Law in Support of Motion that, *inter alia*, the second step in

-6-

the "leave and mail" service upon Marcos was not "alleged" is simply incorrect-it is

patent on the face of the Marcos Aff. on file with this Court.

On December 21st, 2007, a "Consent Scheduling Order" was entered by this

Court.

## 1. **Marcos Has Been Properly Served.**

As set forth in the accompanying HML Aff., upon receipt of the Motion, and

within the 120 days provided for by Fed. R. Civ. P. 4 (m), Marcos was served again.

Assuming a defect in the original service, Cyber's additional service within the

120 day Fed. R. Civ. P. 4 period moots Marcos' insufficiency of process claim.  See

*Alexander v. Unification Church* 634 F. 2d. 673, 675 (2d Cir. 1980); *Grammenos v. C.M.*

*Lemos* 457 F.2d 1067; 1071 (2d Cir. 1972); *Leab v. Streit* 584 F. Supp. 748, 762 (S.D.N.Y.)

1984 holding that court may allow further attempts at service.; *First City, Texas-Houston,*

*N.A. v. Rafidain Bank* 1992 WL 296434 (S.D.N.Y.) citing *Leab v. Streit* (supra).

Even in the absence of Cyber's additional service, sufficient questions as to the

validity of the initial service, challenged by Marcos, suggest that it would be

appropriate for this Court to provide Cyber a traverse on the service issue. *CSC*

*Holdings, Inc. v. Fung* 349 F. Supp. 2d 613 (E.D.N.Y.) 2004.

Carlos has admitted that Marcos "works" with Carlos. See HML Aff. Ex. "A" and

Ex. "B".

Marcos was served at Carlos' "work" address; Carlos has not contested service.

Marcos' Declaration in Opposition to the Motion declares that Marcos does not maintain a "principal place of business" on the 7th floor of 260 West 39th Street (See para. 11 of Marcos Declaration in Opposition) but does not make the same or any denial with respect to the 8th floor, which is the floor set forth in each of the Carlos Aff. and Marcos Aff. as the "floor" at which service upon each of Carlos and Marcos was made.

Marcos' omission as to the 8th floor, and Carlos' admission as to his principal office (Complaint para. 8 and Answer para. 8), together with Carlos' admission that Marcos "works" with Carlos since Carlos "brought Marcos to work with me", makes highly suspect Marcos' denial as to the validity of the initial service.

Such "suspicions" are amplified by the facts and circumstances of the additional service at "Carlos Falchi" and the facts as set forth in the Affidavit of Carissa Schumacher annexed to the HML Aff. as Ex. "I".

Based on the additional service described in the HML Aff. the Court should find that Marcos has been properly and timely served. Even assuming an issue with respect to the second service, and at a minimum, Cyber should be afforded the opportunity to present evidence at a traverse hearing on the service issue.

## 2. No Claim Has Been Asserted Against Marcos for Breach of Contract.

No breach of contract claim is asserted in the Complaint against Marcos. The breach of contract claim, arising out of the License Agreement, is asserted solely against

Marcos. Marcos has asserted a counterclaim for breach of contract, also arising out of the License Agreement.

Marcos correctly notes the absence of such a claim, but nonetheless argues for its dismissal as against, Marcos, and, generally.

Marcos' arguments in support of a "dismissal" of a claim not asserted against him are inappropriate, in addition to being unnecessary.

A party does not have standing to seek dismissal of claims not asserted against him. *Mantin v. Broadcast Music, Inc.* 248 F.2d 530, 531; *Chequers Investments Associates II v. American National Bank and Trust Company of Chicago et. al.* 1994 WL 496786 (N.D. Ill.) 1994 ; *Beres v. Thomson McKinnon Securities, Inc.* 1989 WL 105967 (S.D.N.Y.) 1989; *Continental Cas. Co. V. PPOG Industries, Inc.* 1987 WL 6601 (N.D. Ill.), 1987.

Moreover, even assuming Marcos had standing to move to dismiss the breach of contract claim, Cyber's breach of contract claim would not properly be dismissed.

Cyber has no pertinent "reciprocal" or "mutual" obligation under the License Agreement other than to be the owner of the Trademarks. It is Cyber's ownership of the Trademarks to the exclusion of Carlos that gives rise to Carlos' obligations under the License Agreement, and such ownership has been exhaustively plead.

Cyber's Complaint alleges that Cyber is the exclusive owner of the Trademarks. Complaint ¶13. The License Agreement sets forth Cyber's exclusive ownership of the

Trademarks and associated goodwill. Complaint ¶19. Such "ownership" is the only salient "performance" of the License Agreement insofar as concerns Cyber's claims for breach, and this "performance" has been fully plead.

Assuming that the Court determines that Cyber's breach of contract claim is insufficiently plead, Cyber respectfully requests leave to replead for the purpose of reciting Cyber's "full" performance of the License Agreement.

### 3.  Cyber Has Stated A Claim For Unjust Enrichment.

In *Matarese v. Moore-McCormack Lines*, 158 F. 2d 631, 634 (2d Cir. 1946), the Second Circuit held:

> "The doctrine of unjust enrichment or recovery in quasi-contract obviously does not deal with situations in which the party to be charged has by word or deed legally consented to assume a duty toward the party seeking to charge him. Instead, it applies to situations where as a matter of fact there is no legal contract, but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.Miller v. Schloss, 218 N.Y. 400, 407, 113 N.E. 337;Byxbie v. Wood, 24 N.Y. 607, 610;White v. Continental Nat. Bank, 64 N.Y. 316, 21 Am.Rep. 612;Oneida County v. First Citizens Bank & Trust Co. of Utica, 264 App.Div. 212, 35 N.Y.S.2d 782; 1 Williston on Contracts, Rev. Ed. 1936, Sec. 3, p. 9. Where this is true the courts impose a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.Restatement, Restitution, 1937, Sec. 1(a); Pullman's palace-Car Co. v. Central Transp. Co., 171 U.S. 138, 152, 18 S.Ct. 808, 43 L.Ed. 108. The doctrine is applicable to a situation where, as here, the product of an inventor's brain is knowingly received and used by another to his own great benefit without compensating the inventor. This is recognized in the leading New York case of Bristol v. Equitable Life Assur. Soc. of New York, 132 N.Y. 264, 267, 30 N.E. 506, 507, 28 Am.St.Rep. 568. In that case the New York Court of Appeals dismissed a complaint based on the use by defendant of an advertising scheme of which plaintiff had apprised it, because the scheme was not original and because it was not alleged to be marketable. The court, however, was careful to distinguish the situation in which an invention is involved, saying: 'In such cases (of

-10-

inventions) there is a production which can by multiplying copies be put to marketable use, * * * . Whoever infringes takes benefits or profits which otherwise would naturally come to the producer.'Later New York cases have not weakened the force of this exception."

Here, the Second Circuit's *Materese v. Moore-McCormack Lines* (supra) holding validates Cyber's unjust enrichment claim against Marcos.

No assertion is made by Cyber of a "legal contract" by and between Cyber and Marcos.

What is asserted in Cyber's Complaint is "the collusive and illegal acts of Carlos Falchi and Marcos Falchi" consisting of "the infringement and violation" by Carlos and Marcos "for the illegal purpose of violating the rights of Plaintiff in connection with the Trademarks and the License Agreement" (¶25), "the filing of an application for trademark registration" for "Chi by Falchi" for goods covered by Cyber's Trademarks (Complaint ¶30) and the continued sale by Carlos and Marcos of "products bearing [Cyber's] trademarks" without authorization even after Cyber terminated the License Agreement. ¶26. Cyber has specifically plead that Marcos and Carlos have been unjustly enriched by such conduct. ¶51.

Here, as in the circumstances in *Materese v. Moore-McCormack Lines* (supra) discussed by the Second Circuit, the proposition "whoever infringes takes benefits or profits which otherwise would naturally come to the producer" applies to make Cyber's unjust enrichment claim.

*Hughes v. BCI Int'l Holdings* 452 F. Supp. 2d 290 (D.N.Y) cited by Marcos for the proposition that an express agreement bars an unjust enrichment claim, in fact, recognizes the contrary. At 304, the *Hughes v BCI Int'l Holdings* Court wrote:

> "In some circumstances, a valid written agreement may preclude a claim for unjust enrichment even against a non-party to that agreement. *Id.* (citing *Bellino Schwartz Padob Advertising, Inc. v. Solaris Marketing Group, Inc.*, 635 N.Y.S.2d 587, 588 (1st Dep't 1995)); *But see Seiden Assocs., Inc. v. ANC Holdings*, Inc., 754 F.Supp. 37, 41 (S.D.N.Y.1991)* ("the mere existence of a written contract governing the same subject matter does not preclude such recovery from non parties so long as the other requirements for quasi contracts are met")."

Moreover, the conduct of Marcos and Carlos is specifically plead as occurring even after Cyber terminated the License Agreement, and, accordingly, there is no extant written agreement with respect to the illegal conduct of either Carlos or Marcos *after* the termination of the License Agreement. ¶36 & ¶37.

Accordingly, Cyber has stated a claim for unjust enrichment under applicable law. Assuming that the Court determines that Cyber's unjust enrichment claim is insufficiently plead, Cyber respectfully requests leave to replead to cure any perceived deficiency.

### 4. Cyber's Interference With The Contract Claim Should Not Be Dismissed.

New York Jurisprudence, Second Edition, "Interference" §6, "Generally" sets forth:

> "Simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. An action lies against one

-12-

who intentionally and knowingly induces a breach of contract without reasonable justification or excuse. A right of action for unlawful interference with a contract may be maintained whether the contract is express or implied, specific or indefinite, enforceable or unenforceable. The cause of action has four basic elements: (1) the existence of a valid contract; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach of that contract; and (4) resulting damages."

Cyber's Complaint at ¶23 and ¶24  specifically pleads the use of the Infringing Mark by Marcos and Carlos prior to Cyber's termination of the License Agreement.  See also Exhibit B and Exhibit C to the Complaint.

Cyber's Complaint alleges Marcos' knowledge of the License Agreement. (¶56); Marcos intentional interference with the License Agreement (¶57); and damages (¶59). Cyber's Complaint alleges that Marcos' acts were "wanton, willful and knowing" (¶57;) Cyber's interference with contract claim incorporates the prior allegations of the Complaint (¶52).

Marcos' argues that [Cyber's] claims of interference with contract claims must be dispensed with because, "Plaintiff's Third Cause of Action for breach of contract must be dismissed." As previously argued, Marcos has no standing to argue for dismissal of a claim not asserted against him.

Marcos argues that Cyber has not alleged "wrongful means" and in so doing ignores the essence of Cyber's trademark infringement  and unfair completion claims, which by their nature are claims for wrongful  misrepresentation of the "source" of the goods in question.  Marcos further argues that the interference with contract claims are

-13-

not plead with factual specificity; however, the Complaint, and the Complaint Exhibits , set forth in more than adequate detail the conduct constituting Marcos' "wanton, willful and knowing conduct" (¶57), i.e., the use in commerce of the Infringing Mark by Marcos and Carlos.

The Complaint does not allege a cause of action for "tortious interference with prospective economic advantage"; here, as with Marcos' arguments to dismiss a breach of contract claim not asserted against him, further argument is unnecessary.

To the extent the Court determines that Cyber's interference with contract claims are insufficiently plead, Cyber requests leave to replead.

**5.    Marcos' Fed. R. Civ. P. 9(b) Arguments Are Mere Surplus.**

Marcos Argues that Fed. R. Civ. P. 9 (b) mandates dismissal of Cyber's claims for failure to plead fraud with particularity.

But Cyber has not plead a fraud claim

Marcos' 9 (b) argument "hinges" on the Complaint's utilization of the work "collusion".

According to Marcos, Black's Law Dictionary defines "collusion" as, *inter alia*, an agreement to defraud.

But Marcos ignores the disjunctive "or" express in Marcos' recited Blacks Law Dictionary definition of "collusion", "…*or* to obtain an object forbidden by law."

Cyber's claims are "about" Carlos and Marcos' misappropriation of the

Trademarks which such misappropriation is clearly and plainly "an object forbidden by

law."

Cyber's claims are not "about" fraud, the claims are about misappropriation,

irrespective of Marcos' forced , unwelcome and tedious interjection of the Black's Law

Dictionary definition into a contrived and unconvincing argument.

## IV.  CONCLUSION

For all the reasons set forth herein, it is respectfully requested that the Motion of

Defendant Marcos Falchi to Dismiss Cyber's Complaint, with prejudice  pursuant to

Fed. R. Civ. P. 12 (b) (5), 12 (b) (6) and Fed. R. Civ. P. 9(b) be denied.  Alternatively, and

with respect to any causes of action deemed by the Court to be deficient, Cyber begs

leave to replead.

Respectfully submitted this 1st day of February, 2008.

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff,*
Cyber Champion International, Ltd.

By:_____

HARLAN M. LAZARUS (HML-0268)
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400

-15-

TO:    **MALDJIAN & FALLON LLC**,
       *Attorneys for Defendant, Marcos Falchi*
       Intellectual Property Counsel
       365 Broad Street, 3rd Floor
       Red Bank, NJ 07701
       **Attn: BRIAN GAYNOR, ESQ.**

               **- and -**

TO:    **BALLON STOLL BADER & NADLER, P.C.**,
       *Attorneys for Defendant, Carlos Falchi*
       1450 Broadway, 14th Floor
       New York, NY 10018-2268
       **Attn: DWIGHT YELLEN, ESQ**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                                           Case No.: 07 CV 9503 (LAK)

                  Plaintiff,

     - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                         Defendants.
----------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION OF DEFENDANT, MARCOS FALCHI, TO DISMISS THE COMPLAINT OF PLAINTIFF, CYBER CHAMPION INTERNATIONAL, LTD.

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400