UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALDJIAN & FALLON LLC
Brian M. Gaynor, Esq. (BG 0387)
365 Broad Street, Third Floor
Red Bank, New Jersey 07710
Attorneys for Defendant,
Marcos Falchi

---

| | |
|---|---|
| Cyber Champion International, Ltd. | Case No.: 07 CIV 9503 (LAK) |
| vs. | ECF CASE<br>ELECTRONICALLY FILED |
| Carlos Falchi, Marcos Falchi, and<br>XYZ Companies | |

---

### MEMORANDUM OF LAW IN REPLY TO
### PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

### I. INTRODUCTION

Defendant Marcos Falchi ("Defendant") respectfully submits this Memorandum of Law in Reply to Plaintiff's Opposition of the Motion to Dismiss Plaintiff Cyber Champion International, Ltd.'s ("Plaintiff") Complaint, with prejudice and without leave to amend, pursuant to FED. R. CIV. P. 12(b)(5) for insufficiency of service of process; to dismiss, with prejudice and without leave to amend, Counts Three, Four and Five under FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted; and to dismiss the complaint, with prejudice and without leave to amend, pursuant to FED. R. CIV. P. 9(b).

Defendant submits this Reply Memorandum in further support of his Motion to Dismiss and in response to arguments raised in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. Plaintiff's Memorandum either ignores existing precedent contrary to its assertions or erroneously relies on cases factually distinguishable from the present situation.

With respect to Defendant's Motion for insufficiency of service of process pursuant to FED. R. CIV. P. 12(b)(5), Defendant hereby concedes that Plaintiff properly served Defendant with the Summons and Complaint on January 31, 2008, since the filing of Defendant's Motion.

## I. ARGUMENT

### A. Plaintiff's Third Cause of Action Must Be Dismissed as Against Defendant Marcos Falchi

The Third Cause of Action of Plaintiff's Complaint should be dismissed for failure to state a cause of action for breach of contract as against Defendant Marcos Falchi. Plaintiff admits that no breach of contract is asserted in the Complaint against Marcos Falchi. See Opposing Memorandum of Law, p. 8.

Therefore, Defendant's Motion with respect to the Third Cause of Action should be granted.

### B. Plaintiff Has Failed To State a Claim for Unjust Enrichment as to Defendant Marcos Falchi

The Fourth Cause of Action of Plaintiff's Complaint should be dismissed for failure to state a cause of action for unjust enrichment against Defendant Marcos Falchi.

In Plaintiff's Opposing Memorandum, Plaintiff relies on the case of <u>Matarese v. Moore-McCormack Lines</u>, Inc., 158 F.2d 631 (2d Cir. 1946) to support its position that Defendant was unjustly enriched. However, Plaintiff's reliance on this case is not only misplaced, it is ill-advised, as <u>Matarese</u> serves to further support Defendant's position that there can be no unjust enrichment when the Plaintiff conferred no benefit on Defendant.

In <u>Matarese</u>, the plaintiff invented a device that facilitated cargo loading and unloading, the use of which saved the defendants money and prevented accidents that normally would have occurred at its loading docks. While the defendants promised to pay the plaintiff one-third of the amount saved by use of the device, the plaintiff received no compensation. The plaintiff commenced suit seeking recovery under a theory of unjust enrichment.

This case is factually distinguishable from the present matter in one very important aspect. In <u>Matarese</u>, *the plaintiff conferred a direct benefit on the defendants* (i.e., the use of the device). The defendants were in privity with the plaintiff, as the plaintiff was employed by the defendants, and the defendants agreed to pay plaintiff for the use of his invention, which he directly provided to them.

The Court in <u>Matarese</u> went on to state:

> Here the relationship between the parties before and after the disclosure, the seeking of disclosure by Furey, Furey's promise of compensation, the specific character, novelty, and patentability of plaintiff's invention, the subsequent use made of it by defendants, and the lack of compensation given the plaintiff - all indicate that the application of the principle of unjust enrichment is required.

3

The Court makes it crystal clear why unjust enrichment was warranted in that case – *because of the relationship between the plaintiff and the defendant.* In the present matter, unlike in Matarese, there was no relationship whatsoever between Plaintiff and Defendant Marcos Falchi. There was no privity between Plaintiff and Defendant Marcos Falchi. There was no benefit conferred by Plaintiff to Defendant Marcos Falchi. And Plaintiff does not and cannot allege that there was a relationship, privity, or benefit conferred. Therefore, there simply cannot be any unjust enrichment on the part of Defendant Marcos Falchi.

As stated in Defendant's original Memorandum, in order to state a claim for unjust enrichment, Plaintiff must allege that it conferred a benefit upon Defendant Marcos Falchi and that Defendant obtained such benefit without adequately compensating plaintiff therefore. Riverside Mktg., LLC v. SignatureCard, Inc., 425 F. Supp. 2d 523, 537 (D.N.Y. 2006), citing Nakamura v. Fujii, 253 A.D.2d 387, 390, 677 N.Y.S.2d 113 (1st Dept. 1998); see also Hughes v. BCI Int'l Holdings, Inc., 452 F. Supp. 2d 290, 304 (D.N.Y. 2006). Plaintiff's Opposing Memorandum ignores this well-settled proposition, and makes no attempt to argue that Plaintiff conferred any benefit on Defendant.

Plaintiff's citation of the language: "Whoever infringes takes benefits or profits which otherwise would naturally come to the producer" is from the case Bristol v. Equitable Life Assurance Soc., 132 N.Y. 264, 267 (N.Y. 1892). This case is from 1892, and like Matarese, involved a plaintiff who was alleged to have conferred a benefit upon the defendant (plaintiff disclosed an alleged trade secret to defendant to solicit a sale). A

4

100-plus-year-old case which is factually inapposite to the present matter is hardly relevant here. Again, there was no relationship, no privity and no benefit conferred by or between Plaintiff and Defendant Marcos Falchi, and Plaintiff does not allege as much. Therefore, Plaintiff's unjust enrichment claims must fail.

Plaintiff also indirectly cites to the case of Seiden Assocs., Inc. v. ANC Holdings, Inc. 754 F.Supp. 37, 41 (S.D.N.Y. 1991) for the proposition that "the mere existence of a written contract governing the same subject matter does not preclude such recovery from non parties so long as the other requirements for quasi contracts are met." Defendant agrees with this proposition. However, Plaintiff has not met the requirements for alleging unjust enrichment, which was amply demonstrated in Defendant's original Memorandum, and has not been disputed in Plaintiff's Opposing Memorandum.

Unjust enrichment is an equitable claim which has three elements: (1) a benefit conferred upon defendant by plaintiff; (2) an appreciation or knowledge by defendant of the benefit; and (3) the acceptance or retention by defendant of the benefit under such circumstances as to make it inequitable for defendant to retain the benefit without payment of its value. Van Gemert v. Boeing Co., 590 F.2d 433, 444 (2d Cir. 1978) (citing 12 Williston on Contracts, 1479 at 276 (3d ed. 1970)). See also John v. Sotheby's, Inc., 858 F. Supp. 1283, 1292 (D.N.Y. 1994). *There can be no unjust enrichment unless a benefit has been conferred and knowingly accepted.* Id. (emphasis added). Again, Plaintiff has conferred no benefit upon Defendant Marcos Falchi, and does not attempt to allege as much in either its Complaint or its Opposing Memorandum. Plaintiff alleges instead

5

that Defendant's "collusive and illegal acts," "infringement," "violating the rights of Plaintiff in connection with the Trademarks," "the filing of an application for trademark registration," "continued sale ... of products," and Marcos' "conduct" has led him to be unjustly enriched. See Opposing Memorandum of Law, p. 11. However, Plaintiff fails to allege that *it conferred a benefit on Defendant which Defendant knowingly accepted*. As a result of Plaintiff's failure to plead this essential element, Plaintiff's claims of unjust must necessarily fail.

Hence, there is no basis for an unjust enrichment claim against Defendant Marcos Falchi. The Fourth Cause of Action should therefore be dismissed.

C.   **Plaintiff Fails to State a Cause of Action for Interference with Contract**

New York law permits recovery for inducement of termination of such a contract only where the defendant has induced the termination by wrongful means. Baylis v. Marriott Corp., 906 F.2d 874, 878 (2d Cir. 1990). As stated in Defendant's original Memorandum, wrongful means include physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. Orange County Choppers, Inc. v. Olaes Enters., 497 F. Supp. 2d 541, 562 (S.D.N.Y. 2007). See also Guard-Life Corp. v. S. Parker Hardware Mfg. Corp., 406 N.E.2d 445, 449 (N.Y. 1980); Perkins Sch. for the Blind v. Maxi-Aids, Inc., 274 F. Supp. 2d 319, 328 (E.D.N.Y. 2003); Wolff v. Rare Medium, Inc., 210 F. Supp. 2d 490 (S.D.N.Y. 2002)

Plaintiff again ignores this well-settled rule of law. Plaintiff states that it alleged in its Complaint: 1) Defendant's knowledge of the License Agreement (the "Agreement"); 2) Marcos alleged intentional interference with the Agreement; and 3)

6

damages. However, Plaintiff does not allege the requisite wrongful means, i.e. physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. Instead, Plaintiff asserts that Defendant's alleged trademark infringement and unfair competition suffice as "wrongful means."

Plaintiff cites no authority, statute or case law for this proposition that alleged trademark infringement and unfair competition qualifies as wrongful means as part of an interference with contract claim. Indeed, Defendant's counsel can likewise find no authority for that proposition either. Clearly, alleged trademark infringement and unfair competition do not rise to the level of physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure.

Plaintiff attempts to argue that trademark infringement and unfair competition "by their very nature are claims for wrongful misrepresentation of the 'source' of the goods in question." However, Plaintiff misinterprets what is meant by misrepresentation in the context of "wrongful means" and interference with contract. Misrepresentation in that context means making a misrepresentation of fact directly to a party in order to facilitate an interference or breach of an agreement, not a misrepresentation to the general public about the source of goods or services. See Miteva v. Third Point Mgmt. Co., 323 F. Supp. 2d 573, 586 (D.N.Y. 2004). Plaintiff does not allege any misrepresentation on the part of Defendant to either Co-Defendant Carlos Falchi, or to Plaintiff itself.

Without a proper allegation of the use of wrongful means on the part of Defendant, Plaintiff's Fifth Cause of Action must necessarily be dismissed as well.

**D.    Counts Three, Four and Five Should Be Dismissed in the Alternative for Failure to Properly Plead with Particularity**

Plaintiff's Opposing Memorandum states: "Cyber's claims are not 'about' fraud, the claims are about misappropriation." Defendant begs to differ. The fact is that Plaintiff has alleged that Defendants Marcos and Carlos "acted in collusion, for the illegal purpose of violating the rights of Plaintiff in connection with the Trademarks and the License Agreement" and that Defendant Marcos Falchi was merely "a front and alter ego" for Carlos Falchi. Counts Three, Four and Five of Plaintiff's Complaint incorporate by reference the above-referenced allegations that the Defendants colluded and that one acted as a front and alter ego for the other.

In order to properly plead collusion on the part of the Defendants, Plaintiff must plead that claim with particularity. See Roffman v. City of New York, 2002 U.S. Dist. LEXIS 23665 (D.N.Y. 2002)(plaintiff failed to allege the elements of a conspiracy claim with particularity, as she did not alleged specific facts that could give rise to an inference of *collusion* or conspiracy between the defendants); Griffith v. Med. Quadrangle, Inc., 5 A.D.3d 151, 152 (N.Y. App. Div. 2004)("plaintiffs' allegations of *collusion* and fraud were not pleaded in sufficient detail to sustain either the complaint or the proposed amended complaint.") Plaintiff has failed to do so.

Plaintiff has failed to allege with any specificity the act or statements constituting the alleged collusion. Plaintiff has failed to state the time, place and content of the

8

alleged collusion. Plaintiff's unsubstantiated claims that Defendants Marcos and Carlos Falchi acted in collusion, and that Defendant Marcos Falchi is a front and alter ego for Co-Defendant Carlos Falchi, is not pled with the requisite particularity required by Rule 9(b). Therefore, Counts Three, Four and Five must be dismissed.

### E. Paragraph 25 of Plaintiff's Complaint Should Be Stricken for Failure to Plead with Particularity

In Section C(3) of Defendant's original Memorandum, Defendant moved to strike Paragraph 25 of Plaintiff's Complaint. Paragraph 25 states that "Upon information and belief, Carlos Falchi and Marcos Falchi, have, with respect to all of the acts, conduct, breaches, infringements and violations subject hereof, acted in collusion ..." Plaintiff's Complaint, ¶25. As stated in Defendant's original Memorandum, a pleader cannot allege fraud based upon information and belief unless the facts are "peculiarly within the opposing party's knowledge." Schlick v. Penn-Dixie Cement Corp., 507 F.2d 374, 379 (2d Cir. 1974), cert. denied, 421 U.S. 976 (1975). Plaintiff's Opposing Memorandum fails to address this part of Defendant's Motion. Therefore, Section C(3) should be granted as conceded, and Paragraph 25 should therefore be stricken from the Complaint.

### IV. CONCLUSION

For the foregoing reasons, Defendant Marcos Falchi respectfully requests that this Honorable Court dismiss the Third, Fourth and Fifth Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 9(b). Defendant also requests any other relief to which he is entitled, either at law or in equity.

Dated:		Red Bank, New Jersey
		February 8, 2008

                                                   Brian Gaynor, Esq. (BG 0387)
                                                   **MALDJIAN & FALLON LLC**
                                                   365 Broad Street, Third Floor
                                                   Red Bank, New Jersey 07701
                                                   P.732.275.3100
                                                   F.732.530.2039
                                                   bgaynor@mfiplaw.com
                                                   Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Maldjian & Fallon LLC**
Brian M. Gaynor (BG 0387)
365 Broad Street, Third Floor
Red Bank, New Jersey 07710
Attorneys for Defendant,
Marcos Falchi

---

| | |
|---|---|
| Cyber Champion International, Ltd. | Case No.: 07 CIV 9503 (LAK) |
| vs. | **AFFIDAVIT OF SERVICE** |
| Carlos Falchi, Marcos Falchi, and XYZ Companies | |

---

I, Brian M. Gaynor, Esq., **declare under penalty of perjury** that I have served a copy of the attached Memorandum of Law in Reply to Plaintiff's Opposition to the Motion to Dismiss, upon Harlan M. Lazarus, Esq., of Lazarus & Lazarus, P.C., counsel for Plaintiff, whose address is 240 Madison Avenue, 8th Floor, New York, New York 10016 by first-class mail.

Dated:   Red Bank, New Jersey
         February 8, 2008

_____
Brian Gaynor, Esq. (BG 0387)
**MALDJIAN & FALLON LLC**
365 Broad Street, Third Floor
Red Bank, New Jersey 07701
P.732.275.3100
F.732.530.2039
bgaynor@mfiplaw.com
Attorneys for Defendant