```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CYBER CHAMPION INTERNATIONAL, LTD.,

                Plaintiff,

    -against-                           07 Civ. 9503 (LAK)

CARLOS FALCHI, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The complaint alleges that plaintiff is the owner of registered U.S. trademarks for "Carlos Falchi." Plaintiff here sues Carlos Falchi, his brother Marcos Falchi, and an indefinite number of unidentified defendant companies. The gravamen of the dispute is that plaintiff licensed Carlos Falchi to use the marks, albeit no derivative or variation thereof, but that the defendants nevertheless are using "Chi by Falchi," an allegedly infringing mark.

        The complaint contains five claims for relief:

- Trademark infringement against all defendants

- Unfair competition by all defendants

- Breach of contract by Carlos Falchi

- Unjust enrichment against all defendants

- Tortious interference by Marcos Falchi with the license agreement between plaintiff and Carlos Falchi.

Defendant Marcos Falchi ("Marcos") moves to dismiss (a) the entire complaint against him for insufficiency of service of process, and (b) the third through fifth claims for relief for failure to state a claim upon which relief may be granted or, in the alternative, for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b).

2

1.  The insufficiency of service argument, as Marcos tacitly admits, has become moot in light of plaintiff's reservice of the summons and complaint on Marcos following the filing of the motion.

2.  Insofar as Marcos seeks dismissal of the third claim for relief, the motion is completely without merit for the simple reason that the third claim is not asserted against him.

3.  The nub of the fourth claim for relief is an allegation that Carlos and Marcos Falchi have been enriched unjustly by reason of their alleged trademark infringement and unfair competition and, in the case of Carlos, breach of contract. Marcos argues that the claim is legally insufficient as to him because there is no allegation that plaintiff conferred any benefit upon him.

Unjust enrichment sounds in quasi-contract. *See Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 905 (2d Cir.1997) ( "[U]nder the quasi-contractual doctrine of unjust enrichment, courts may infer the existence of an implied contract to prevent one person from unjustly enriching himself at the other party's expense."). The liability is one implied by law in consequence of the relationship between the parties. Hence, "'To state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor.' " *Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598, 600, 741 N.Y.S.2d 100, 102 (2d Dep't 2002) (quoting *Nakamura v. Fujii*, 253 A.D.2d 387, 390, 677 N.Y.S.2d 113, 116 (1st Dep't 1998)). Thus, "[a] claim for unjust enrichment will 'lie[ ] only where the defendant possesses money or received a benefit which in equity and good conscience the defendant should not retain because it belongs to the plaintiff.'" *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978(LMM), 1999 WL 47223, at *4 (S.D.N.Y. Feb.3, 1999) (citing *Martes v. USLIFE Corp.*, 927 F. Supp. 146, 149 (S.D.N.Y.1996) (emphasis added)).

The complaint here does not allege that the plaintiff conferred any benefit upon Marcos, the retention of which by Marcos would be unjust. Rather, the essence of the claim against Marcos is that he engaged in tortious behavior (e.g., trademark infringement or tortious interference with contract). The remedy against him, assuming liability, therefore would lie in tort rather than in quasi-contract.

4.  The fifth claim asserts that Marcos, with knowledge of the license agreement, wantonly and willfully interfered with the contract between plaintiff and Carlos. Read in the context of the entire complaint, the premise of the claim is that the license agreement contained a contractual commitment by Carlos that was breached by his use of "Chi by Falci" and that Marcos is liable for that breach on a theory of tortious interference or inducement.

The license agreement granted to Carlos "the exclusive right to use the Trademarks in the Territory during the Contract Period in connection with the manufacture, advertisement, promotion and sale of Licensed Products." Moreover, it explicitly denied the grant of any license "to use any derivative of, or modification to, the Trademarks . . ." Although the

parties have not addressed the issue, the Court will assume for purposes of this motion that the license agreement therefore implicitly contained a covenant by Carlos not to use the marks beyond the rights expressly licensed, including in particular the use at issue here.

The elements of a claim for tortiously inducing breach of contract were set forth by the New York Court of Appeals in *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 151 N.Y.S.2d 1 (1956). In order to succeed on such a claim, a plaintiff is obliged to prove "(1) the existence of a valid contract between [the party allegedly in breach] and himself; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach of that contract ..., and (4) damages." *Id.* at 120, 151 N.Y.S.2d at 5.

Here, plaintiff alleges the existence of a valid contract with Carlos, Marcos' knowledge of it, his knowing complicity in the procurement of the alleged breach, and damages. Accordingly, the fifth claim is legally sufficient.[1]

The motion of defendant Marcos Falchi to dismiss [improperly docketed, with supporting papers, as separate motions bearing docket items 13-16] is granted to the extent that the fourth claim for relief is dismissed as to him and denied in all other respects. The Clerk shall terminate all pending motions.

SO ORDERED.

Dated:        March 19, 2008

_____
Lewis A. Kaplan
United States District Judge

---

[1] Marcos' contention that the fifth claim fails to plead fraud with particularity is answered entirely by the fact that it does not attempt to plead fraud at all. Rule 9(b) does not apply.