UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYBER CHAMPION INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> -against- <br><br> CARLOS FALCHI, MARCOS FALCHI, and XYZ Companies, <br><br> Defendants. | Case No.:07cv9503 (LAK) <br><br><br> **Electronically Filed** |

## MOTION TO QUASH NON-PARTY SUBPOENA AND NOTICE OF DEPOSITION

Pursuant to Federal Rule of Civil Procedure 45, non-party HSN LP, i/n/h/a "HOME SHOPPING NETWORK c/o IAC/Interactive Corp. d/b/a Home Shopping Network", ("HSN LP"), hereby moves for an order quashing a subpoena putatively served upon it by plaintiff herein, a true copy of which is annexed hereto as Exhibit "A", and granting such other relief as the Court deems just and proper.

Upon information and belief, plaintiff's subpoena was delivered to the offices of IAC/Interactivecorp, ("IAC"), on or about February 6, 2008. Nonetheless, the instant motion remains timely under Rule 45 because delivery of these papers failed to constitute legal "service" as the term is used in the applicable Rule. Moreover, and as detailed below, plaintiff's subpoena should be quashed because: (a) its overly-broad scope and ambiguous terms impose an unfair and unreasonable expense and burden on HSN LP; (b) the documents sought are irrelevant to the pending action; (c) the discovery sought by means of this subpoena impermissibly violates the trade secret and commercial privileges of both HSN LP and third parties in a manner that cannot be readily cured by means of a confidentiality agreement; and (c) the subpoena is an impermissible attempt to circumvent the ordinary course of discovery in the pending action by seeking information from a non-party that could and should have been sought during the ordinary course of discovery from defendant(s). Furthermore, facial ambiguity and vagueness contained in many of plaintiff's document requests renders compliance virtually impossible from a logistical perspective.

1

**Service of the Subpoena Was Procedurally Defective**
**and the Instant Motion Remains Timely Under Rule 45**

HSN LP, a Delaware limited partnership, lacks any offices, employees, and/or record compilations in the State of New York and/or within 100 miles of the Southern District of New York. HSN LP is a wholly owned, but entirely independent, subsidiary of IAC; IAC is not even registered as an agent for service of process for HSN LP. Although Home Shopping Network, Inc., a separate entity, has maintained corporate offices at the address where plaintiff delivered the subpoena, neither this entity nor IAC has custody, control, or involvement with any of the transactions or documents plaintiff seeks. To the extent that documents exist that fall within the scope of plaintiff's ambiguous demands, these records are exclusively located at offices maintained by HSN LP in St. Petersburg, Florida, as HSN LP does not maintain a corporate presence or offices in New York.

Nonetheless, HSN LP served objections to plaintiff's subpoena by letter dated March 13, 2008, a true copy of which is annexed hereto as Exhibit "B". Moreover, in good faith and to avoid potentially unnecessary litigation expenses, HSN LP thereafter voluntarily produced several thousand pages of documents, and attempted to cooperate with plaintiff's document requests. Annexed hereto as Exhibits "C" and "D" are true copies of HSN LP's responses dated March 25 and March 27, 2008, respectively.[1] Plaintiff's counsel thereafter communicated written demands for further production and threatened motion practice if HSN LP did not comply.

The unreasonable scope of plaintiff's continuing demands underscored the need for HSN LP to seek judicial intervention to avoid undue expense and prejudice to HSN LP's commercial interests. Notwithstanding the manifest impropriety of plaintiff's attempt at service, the focus of the instant motion is on the scope and substance of the subpoena, rather than antecedent procedural defects. However, to the extent that plaintiff may attempt to argue that HSN LP waived its right to attempt to quash the subpoena in question by failing to file the instant motion within fourteen (14) days of receipt, it is respectfully submitted that the lack of any actual valid service tolled accrual of the limitations period for a motion to quash to accrue. Moreover, even where the statutory deadline might otherwise bar a motion to quash, federal courts nonetheless recognize that the deadline must be extended where a

---

[1] The documents which accompanied HSN LP's correspondence run to several thousands of pages and exceed the capacity of the ECF system to be readily furnished electronically. Complete copies will be furnished to the Court for review should the Court conclude that scrutiny of this material is necessary to evaluate the propriety of plaintiff's document and deposition demands.

subpoena is overbroad on its face, exceeds the bounds of fair discovery, a non-party has acted in good faith, and/or the party putatively subject to the subpoena has been in contact with counsel for the subpoenaing party concerning the witness' compliance prior to the date a challenge was raised. *E.g.*, *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). As detailed below, each of those conditions exist in the present matter, and this Court should not hesitate to address the merits of the instant motion.

Receipt of the attached subpoena was HSN LP's first notice of the pendency of the instant action. Upon information and belief, plaintiff commenced this action by filing a summons and complaint on or about October 24, 2007. As the Court noted in a decision dated March 19, 2008, plaintiff claims to be the owner of a United States trademark, "Carlos Falchi," and the instant action seeks damages based on several theories against an individual named Carlos Falchi and his brother, Marcos Falchi, for *inter alia* trademark infringement and breach of a written agreement dated February 2, 2005. A copy of plaintiff's Complaint is annexed hereto for the Court's reference as Exhibit "E".

**Plaintiff's Subpoena Seeks Production That Exceeds the Permissible Scope**
**Of Discovery That May Be Demanded From a Non-Party**

Where, as here, discovery is sought from a non party, it has been held that courts should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party. *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 5575 (S.D.N.Y. 2004). Fundamental fairness further dictates that this concern should be paramount where an effort is underway to impose a burden on a non-party to produce discovery which would be available through the ordinary course of discovery from a party. *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 U.S. Dist. LEXIS 69140 (S.D.N.Y. 2006).

Fed. R. Civ. P. 45(c)(3)(A)(iv) authorizes a court to quash or modify a subpoena if it imposes an "undue burden." Determinations of issues of burden and reasonableness under these provisions are committed to the sound discretion of the court. *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir. 1976).

Subpoenas that contain document demands which lack any time limitations are generally considered to be facially overbroad. *E.g.*, *Semtek Int'l, Inc. v. Merkuriy Ltd.*, 1996 U.S. Dist. LEXIS 22444 (S.D.N.Y. 1996). See also *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49

(S.D.N.Y. 1996) (subpoena at issue was facially overbroad and subject to quashing because it encompassed documents relating to every transaction undertaken by the party subject to the subpoena for ten years without meaningful restriction). HSN LP is largely in the business of selling products by means of its television broadcasts. Plaintiff's demands not only seek production of absolutely every communication by and between HSN LP and defendants in the underlying action but by and between HSN LP and third-party vendors and customers related in any manner to any product bearing a "Falchi" or "Falchi related" trademark. This demand not only seeks production of records from dates PRIOR TO the alleged breach, but requires HSN LP to engage in legal research to ascertain what, precisely, constitutes a sufficient relation to constitute attribution or some other legally-cognizable connection. Responding requires actual analysis rather than mere duplication of tenuously relevant records.

It is respectfully submitted that the overly broad and burdensome character of plaintiff's subpoena demands is facially apparent. Without any date restrictions or effective limitations as to scope, the subpoena at issue seeks production of all communications in any manner related to: (a) communications between HSN LP and Falchi; (b) all transactions involving products with the "name, trademark, or trade name 'Chi by Falchi', or any other name, trademark and/or trade name associated with Carols Falchi and/or Marcos Falchi, directly or indirectly, or consisting in whole or in part of the designation 'Falchi'; (c) customers/purchasers of any such products; (d) revenues received by HSN LP related to any of a host of undefined products. The production demand also encompasses email communications between HSN LP, HSN LP's employees, and both vendors and customers.

HSN LP does not segregate hard-copy documents and/or emails by product. Even under the most restrictive interpretation, plaintiff's document demands require HSN LP and HSN LP's counsel to review tens of thousands of pages of hard-copy documents and digital files to ascertain which documents relate to the subject products, even if HSN is somehow able to identify which products plaintiff is interested in. To the extent that any of this information actually bears on alleged breach of trademark by defendants, or conduct by defendants, the information in question should be available by means of discovery sought from defendants themselves.

4

Accordingly, for the reasons set forth above, it is respectfully requested that the within Court issue an Order quashing plaintiff's subpoena and awarding such other, further and different relief as the Court deems just and proper.

Dated: New York, NY
April 22, 2008

GOLDBERG & ASSOCIATES

By: /S_____
William H. Grae, Esq.
Attorneys for HSN LP i/n/h/a "Home Shopping Network c/o IAC/Interactive Corp. d/b/a Home Shopping Network"
39 Broadway, 17th Floor
New York, NY 10006
(212) 968-2300

TO:

Lazarus & Lazarus, P.C.
Attorneys for Plaintiff
240 Madison Ave, 8th fl
New York, NY 10016
(212) 889-7400
(212) 684-0314

Ballon, Stoll, Bader and Nadler
Attorneys for Carlos Falchi
1450 Broadway
New York, NY 10018
(212) 575-7900
(212) 764-5060