AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

CYBER CHAMPION INTERNATIONAL, LTD.

V.

CARLOS FALCHI, MARCOS FALCHI, AND XYZ COMPANIES,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

07 CIV 9503

TO: (Name and address of Defendant)

CARLOS FALCHI at 260 West 39th Street, New York, New York 10018;
and
MARCOS FALCHI at 15 West 36th Street, New York, New York 10018.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LAZARUS & LAZARUS, P.C.
240 Madison Avenue, 8th Floor
New York, New York 10016
Attention: HARLAN M. LAZARUS, ESQ.

an answer to the complaint which is served on you with this summons, within ___20 days___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

OCT 24 2007

DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                Plaintiff,

- against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,

                Defendants.
------------------------------------------------------------X

Case No. '07 CIV 9503

**COMPLAINT**

RECEIVED OCT 2 4 2007 U.S.D.C. S.D.N.Y. CASHIERS

CYBER CHAMPION INTERNATIONAL, LTD., a British Virgin Islands corporation ("Plaintiff"), by its attorneys, Lazarus & Lazarus, P.C., as and for Plaintiff's Complaint against Defendants CARLOS FALCHI, MARCOS FALCHI, and XYZ COMPANIES ("Defendants"), respectfully, sets forth, represents and alleges:

### NATURE OF CASE

1. This is an action, *inter alia*, brought by Plaintiff for trademark infringement, unfair competition, breach of a license agreement, unjust enrichment, and tortious interference with business relationships.

2. Plaintiff seeks equitable relief, declaratory relief, monetary and punitive damages.

### JURISDICTION

3. This Court has original subject matter jurisdiction over this action under Title 28, United States Code, Sections 1338 (a) and 15 U.S.C. Sections 1121 (a) and 1125 (a).

4. Alternatively, this Court has subject matter jurisdiction under section 1332(a) in that the Plaintiff is a citizen of a foreign state and the Defendants are each citizens of a State, and the amount in controversy exceeds the sum or value of $75,000.00.

5. This Court would also have supplemental jurisdiction of the pendant state law claims of unfair competition, breach of contract and unjust enrichment under 28 USC Section 1367.

6. Defendant Carlos Falchi has consented in writing to the jurisdiction and venue of this Court, and upon information and belief, Defendants (as hereinafter defined) including Carlos Falchi, and his brother and co-defendant, Marcos Falchi, and each of them, individually, and or through their, affiliates and privies, officers, agents and/or employees, are present, transact or are doing business in this district, including soliciting business in, shipping goods into this district, selling and deriving substantial revenue from intrastate and interstate commerce which has an effect in this district.

### THE PARTIES

7. Plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the British Virgin Islands and is not a citizen or resident of any state of these United States.

8. Carlos Falchi, upon information and belief, is an individual having his principal office at 260 West 39th Street, New York, New York 10018.

9. Marcos Falchi, upon information and belief, is an individual having his principal office at 15 West 36th Street, New York, New York.

10. Upon information and belief, the XYZ Companies are defendants yet to be identified, and said defendants are through their agents, servants and employees doing business in New York or transacting business in New York, are citizens of States, and/or are present in New York for jurisdictional purposes.

11. The identities of said XYZ Company defendants is not presently known and the Complaint herein will be amended to include the names of the actual defendants when such information becomes available, but, in general, said XYZ Companies are companies directly or indirectly related, affiliated, controlled by, controlling, or in privity, as related to the matters subject hereof, with the individual defendants Carlos Falchi and Marcos Falchi.

12. Except as otherwise set forth, each Defendant is referred to when this Complaint refers to the Defendants.

13. Plaintiff is the exclusive owner of, *inter alia*, certain "Carlos Falchi" trademarks registered in the United States Patent and Trademark Office (the "USPTO") and assigned USPTO registration numbers 1,116,624 and 1,477,810 (the "Trademarks").

14. Plaintiff at all times relevant herein has manufactured and sold product bearing the Trademarks.

15. On February 2, 2005, United States District Court Judge Richard J. Holwell "So Ordered" a Stipulation of Discontinuance (the "Stipulation") which such Stipulation discontinued with prejudice an action (the "Prior Action") brought by Carlos Falchi in this Court against Plaintiff which such Prior Action was assigned Index Number

02 CV 8072. A copy of the Stipulation is annexed to this Complaint as *Exhibit A*.

16. In the Prior Action, Carlos Falchi challenged Plaintiff's ownership of the Trademarks.

17. Exhibit A to the Stipulation is a trademark license agreement (the "License Agreement") entered into by and between Plaintiff herein and Carlos Falchi simultaneously with the Stipulation.

18. The License Agreement affixed to and made a part of the Stipulation conclusively and with finality concluded and terminated Carlos Falchi's challenge to Plaintiff's ownership of the Trademarks.

19. The License Agreement acknowledged and set forth, among other agreements, terms and conditions, Plaintiff's exclusive ownership of the Trademarks and the goodwill associated therewith.

20. The License Agreement, among other agreements, terms and conditions, granted Carlos Falchi a license only to the use of the Trademarks.

21.. The License Agreement set forth, among other agreements, terms and conditions, Plaintiff's relinquishment and surrender of ". . . such attribution rights as he may have had, if any, to use the Trademarks . . . ."

22. The License Agreement set forth, among other agreements, terms and conditions, that the License Agreement did not constitute Plaintiff's grant of any rights to Carlos

Falchi to use any derivative or modification to the Trademarks.

23. On September 8th, 2006, Plaintiff notified Carlos Falchi of his breach of the Stipulation by his participation in the sale of items bearing an infringing mark, "Chi by Falchi." A copy of the September 8th, 2006 notice to Carlos Falchi is annexed as *Exhibit B*.

24. Annexed to the September 8th 2006 notice to Carlos Falchi, was a simultaneously transmitted notice to Carlos Falchi's brother, Marcos Falchi, and a business organization, Urban Attitudes, LLC, alleging their infringement of the Trademarks by their use in commerce of the "Chi by Falchi" Mark. A copy of the September 8th, 2006 notice to, *inter alia*, Marcos Falchi, is annexed as *Exhibit C*. Both September 8th, 2006 notices hereinafter defines as the September 8th Notices.

25. Upon information and belief, Carlos Falchi and Marcos Falchi, have, with respect to all of the acts, conduct, breaches ,infringements and violations subject hereof, acted in collusion, for the illegal purpose of violating the rights of Plaintiff in connection with the Trademarks and the License Agreement.

26. On September 12, 2006, Carlos Falchi, by e mail and memo, responded to, *inter alia*, Plaintiff's September 8th 2006 notices to Carlos Falchi and Marcos Falchi. A copy of Carlos Falchi's September 12, 2006 responses are annexed as *Exhibit D*.

27. Carlos Falchi's September 12, 2006 e-mail response addressed to Plaintiff advised that ". . . the Chi brand is under our attributions agreement with Cyber

champion...[stet] and "... I bought Marcos over to our side... I am now the designer behind the brand under the attribution clause of our agreement...[stet]" and ... I am doing business with [Home Shopping Network] under the attribution clause of our agreement."

28. Carlos Falchi's September 12, 2006 memo response addressed to Plaintiff's counsel advised "(Remember I gave Cyber the attribution rights on our contract?)."

29. Carlos Falchi's September 12, 2006 memo response concluded, "Please note that since I brought Marco to work with me, I am the person appearing on television selling the products."

30. The collusive and illegal acts of Carlos Falchi and Marco Falchi include the filing of an application for trademark registration, in December, 2006, purportedly on behalf of Marcos Falchi for trademark registration of "Chi by Falchi" for goods covered by Plaintiff's Trademarks, when, in truth and in fact, Marcos Falchi, with respect to the "Chi by Falchi" registration is acting as no more than a front and alter ego of Carlos Falchi, who, by the terms of the License Agreement incorporated into the Stipulation is forbidden by Court Order from such registration. Plaintiff has filed opposition to the said "Chi by Falchi" application with the United States Patent and Trademark Office.

31. Following September 12, 2006, Plaintiff, Carlos Falchi and Marcos Falchi, by counsel, exchanged multiple communications of, concerning and relating to Carlos Falchi's multiple violations and breaches of the License Agreement, including, in addition to the wrongful use of the infringing "Chi by Falchi" mark, a failure on Carlos

-6-

Falchi's part to properly calculate and pay over to Plaintiff moneys due Plaintiff under the License Agreement, culminating in the transmittal of a "Termination Notice and (Alternatively) Notice of Termination" ("Termination Notice") to Carlos Falchi on or about December 20th, 2006. A copy of the Termination Notice is annexed as *Exhibit E*. A revised Termination Notice was transmitted on or about January 4th, 2007. A copy is annexed as *Exhibit F*.

32. The Termination Notice, delivered pursuant to the License Agreement, demanded, among other demands, that Carlos Falchi (a) stop using the Trademarks; and (b) that Carlos Falchi discontinue use of the Trademarks and "anything similar to, or that may be confused with the Trademarks . . . ."

33. Notwithstanding the September 8th Notices, the subsequent correspondence, and the Termination Notice, Carlos Falchi, Marcos Falchi, the XYZ Companies and others, including Home Shopping Network, continue to sell without authorization product bearing Plaintiff's Trademarks and/or marks confusingly similar to Plaintiff's Trademarks, including without limitation, product bearing the confusingly similar and infringing "Chi by Falchi" mark.

### As and For a First Cause of Action
### Federal Trademark Infringement
### (15 USC Section 1114)

34. Plaintiff repeats and realleges the allegations of paragraph 1 through 33 of this Complaint as if fully set forth herein.

35. The Trademarks and the goodwill of the business associated with the Trademarks are of great value to Plaintiff.

36. Without Plaintiff's authorization or consent, Defendants, both before and after, the transmittal and receipt of the Termination Notice have manufactured, distributed, offered for sale and/or sold infringing product to the consuming public, in particular, product bearing the "Chi by Falchi" mark.

37. Defendants' present and future sale of infringing products has caused, is likely to cause and is causing confusion, mistake and deception among the public and has deceived and is likely to deceive the public into believing the products being sold originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

38. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## As and For a Second Cause of Acton
### (Unfair Competition)

39. Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The infringing products bearing the infringing marks being sold and offered for sale by Defendants are of the same general nature and type as the products bearing the Trademarks being sold and offered for sale by Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

41  By misappropriating the Trademarks and using the infringing marks Defendants misrepresent and falsely describe to the general public the source of the infringing product and create a likelihood of confusion by the ultimate purchases as to both the source and sponsorship of such merchandise.

42.  Defendants' unlawful, unauthorized and unlicensed manufacture, advertisement, distribution, offer for sale and/or sale of the infringing products creates express and implied misrepresentations that the infringing products were created, authorized, or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

43.  Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a) in that Defendants' use of the infringing marks in connection with their goods and services, in interstate commerce constitutes false designation of origin and unfair competition.

44.  Plaintiff has no adequate remedy at law. If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## AS AND FOR A THIRD CAUSE OF ACTION

45.  Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.  This claim for relief arises under the common laws of New York and is hereby raised with the substantial and related claims under the First and Second Causes of Action.

47. The foregoing activities of Carlos Falchi constitute breaches of the License Agreement.

48. Carlos Falchi's breaches of the License Agreement have damaged Plaintiff in an amount yet unknown but in any event not less than $5,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

49. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. This claim for relief arises under the common law of New York and is hereby raised with the substantial and related claims under the First and Second Causes of Action.

51. Carlos Falchi, Marcos Falchi and XYZ Companies have been unjustly enriched by their willful and wrongful conduct complained of herein.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 51 as if full set forth herein.

53. This claim for relief arises under the common laws of New York and is hereby raised with the substantial and related claims under the First and Second causes of Action.

54. The License Agreement is a contractual arrangement by and between Plaintiff

and Carlos Falchi.

55. The License Agreement by its terms created an on going relationship between Plaintiff and Carlos Falchi with the prospect and probability of future economic renumeration and advantage.

56. Marcos Falchi was at all times relevant herein aware of the License Agreement and, upon information and belief, the XYZ Companies, knew or should have known of the License Agreement, and Plaintiff's Trademarks.

57. Marcos Falchi's wanton, willful and knowing conduct, together with the willful and knowing conduct of the XYZ Companies constitutes an interference with not only Plaintiff's rights in the Trademarks, but with the contractual rights of Plaintiff pursuant to License Agreement.

58. Marcos Falchi's wanton, willful and knowing conduct, together with the willful and knowing conduct of the XYZ Companies was a substantial and inducing cause of the breach of, and was an unlawful interference with the License Agreement by and between Carlos Falchi and Plaintiff.

59. Plaintiff has been damaged in an amount as of yet undetermined by the interference with and the inducement of the breach of the License Agreement by Marcos Falchi and the XYZ Companies.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That the relief requested in each cause of action of this Complaint be granted to Plaintiff in its entirety.

B. That Defendants, their directors, officers, agents, servants, employees, related companies, parent companies, subsidiaries, licensees, assigns, and all parties in privity with them, be enjoined, temporarily and preliminarily during the pendency of this action and permanently from infringing the Trademark in suit of Plaintiff in any manner, including, but not limited to, importing, producing, manufacturing, printing, reprinting, publishing, vending, distributing, selling, displaying, promoting or advertising any product bearing the Trademark, or marks confusingly similar with the Trademarks including "Chi by Falchi" that is the subject of Plaintiff's Trademarks in suit, or by causing and/or participating in such importing, producing, manufacturing, printing, reprinting, publishing, vending, distributing, displaying, selling, promoting or advertising;

C. Enjoining Defendants from selling any "Chi by Falchi" products, or other products infringing on Plaintiff's Trademarks;

D. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of the Trademarks in suit, breach of contract, unfair competition and interference with and/or inducement of breach of contract ;

E. Ordering an accounting to assess and award damages to Plaintiffs for Defendants' infringement of the Trademarks in suit, unfair competition and interference with and/or inducement of breach of contract;

F. For Defendants to file with this Court and serve upon Plaintiffs, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. For an accounting by Defendants to Plaintiff of all of Defendants' profits, gains and sums arising from the alleged acts of trademark infringement, unfair competition, breaches of contract, and/ or interference with and/or inducement of such breach ;

H. Award Plaintiff damages for Carlos Falchi's breach of contract;

I. Ordering and accounting for all of Defendants' profits and Plaintiff's damages sustained as a consequence of Defendants' unjust enrichment interference with business relationships;

J. Ordering judgment against Defendant Carlos Falchi for breach of contract with interest thereon;

K. For cost of the suit incurred herein;

L. For reasonable attorneys fees as permitted by law; and

M.    For any and all such other further relief as this Court may deem just and equitable.

Dated: October 13, 2007
      New York, New York

                        LAZARUS & LAZARUS, P.C.

                  By: _____
                      HARLAN M. LAZARUS, P.C. (HML-0268)
                      *Attorneys for Plaintiff*
                      240 Madison Avenue, 8th Floor
                      New York, New York 10016
                      Tele. (212) 889-7400