**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Maldjian & Fallon LLC**
Brian M. Gaynor (BG 0387)
365 Broad Street, Third Floor
Red Bank, New Jersey 07710
Attorneys for Defendant,
Marcos Falchi

---

| | |
|---|---|
| Cyber Champion International, Ltd. | Case No.: 07 CIV 9503 |
| vs. | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |
| Carlos Falchi, Marcos Falchi, and XYZ Companies | |

---

## INTRODUCTION

Defendant, Marcos Falchi ("Defendant"), by and through his attorneys, hereby answers the Plaintiff's Complaint as follows:

### Nature of Case

1. Defendant admits each and every allegation contained in Paragraph 1 of the Complaint.

2. Defendant admits each and every allegation contained in Paragraph 2 of the Complaint.

3. Paragraph 3 is a legal conclusion to which no response is required.

4. Paragraph 4 is a legal conclusion to which no response is required.

20099v1

5. Paragraph 5 is a legal conclusion to which no response is required. Defendant denies that the Complaint states a cause of action for unjust enrichment against Defendant, as that cause of action has been dismissed as against Defendant.

6. Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits to being present, transacting or doing business in this district.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and therefore denies each and every allegation in Paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and therefore denies each and every allegation in Paragraph 8.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and therefore denies each and every allegation in Paragraph 10.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of the Complaint and therefore denies same.

12. No answer is required.

2

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint and therefore denies each and every allegation in Paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint and therefore denies each and every allegation in Paragraph 16.

17. Defendant neither admits nor denies the allegations of Paragraph 17 as the document speaks for itself.

18. Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, and therefore denies each and every allegation in Paragraph 18.

19. Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore denies each and every allegation in Paragraph 19.

20. Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a

belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore denies each and every allegation in Paragraph 20.

21. Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore denies each and every allegation in Paragraph 21.

22. Paragraph 22 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore denies each and every allegation in Paragraph 22.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore denies each and every allegation in Paragraph 23.

24. Defendant neither admits nor denies the allegations of Paragraph 24 as the document speaks for itself.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff has attached and references Exhibit D attached to the Complaint. Defendant neither admits nor denies the validity of the document attached as Exhibit D, and therefore denies each and every allegation of Paragraph 26.

4

27. Defendant admits that Plaintiff has correctly quoted the document attached to the Complaint as Exhibit D. Defendant neither admits nor denies the validity and authentication of the document attached as Exhibit D, and therefore denies each and every allegation of Paragraph 27.

28. Defendant admits that Plaintiff has correctly quoted the document attached to the Complaint as Exhibit D. Defendant neither admits nor denies the validity and authentication of the document attached as Exhibit D, and therefore denies each and every allegation of Paragraph 28.

29. Defendant admits that Plaintiff has correctly quoted the document attached to the Complaint as Exhibit D. Defendant neither admits nor denies the validity and authentication of the document attached as Exhibit D, and therefore denies each and every allegation of Paragraph 29.

30. Defendant admits that he had filed on his behalf a trademark application for federal registration of the mark CHI BY FALCHI, and that Plaintiff has filed an opposition to said trademark application. Defendant denies the remaining allegations of Paragraph 30.

31. Defendant admits to having communications with Plaintiff and Co-Defendant Carlos Falchi after September 12, 2006, and that Plaintiff issued the termination notices. Defendant denies the wrongful use of the CHI BY FALCHI mark, or that use of the CHI BY FALCHI mark is infringing. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 of the Complaint, and therefore denies same.

20099v1

32. Defendant neither admits nor denies the allegations of Paragraph 32 as the document speaks for itself.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

## FIRST CAUSE OF ACTION

34. Defendant incorporates by reference his responses to Paragraphs 1 through 33 as if set forth herein.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Complaint, and therefore denies each and every allegation in Paragraph 35.

36. Defendant admits that it sold product bearing the CHI BY FALCHI mark, and denies that said product was infringing. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION

39. Defendant incorporates by reference his responses to Paragraphs 1 through 38 as if set forth herein.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Defendant denies each and every allegation contained in Paragraph 41 of the Complaint.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

**THIRD CAUSE OF ACTION**

45. Defendant incorporates by reference his responses to Paragraphs 1 through 44 as if set forth herein.

46. The Third Cause of Action of Plaintiff's Complaint does not pertain to and is not being alleged against Defendant. Therefore, no response is required.

47. The Third Cause of Action of Plaintiff's Complaint does not pertain to and is not being alleged against Defendant. Therefore, no response is required.

48. The Third Cause of Action of Plaintiff's Complaint does not pertain to and is not being alleged against Defendant. Therefore, no response is required.

49. The Third Cause of Action of Plaintiff's Complaint does not pertain to and is not being alleged against Defendant. Therefore, no response is required.

20099v1

## FOURTH CAUSE OF ACTION

50. Defendant incorporates by reference his responses to Paragraphs 1 through 49 as if set forth herein.

51. The Fourth Cause of Action of Plaintiff's Complaint has been dismissed as against Defendant, by Order of The Honorable Lewis A. Kaplan, dated March 19, 2008. Therefore, no response is required.

52. The Fourth Cause of Action of Plaintiff's Complaint has been dismissed as against Defendant, by Order of The Honorable Lewis A. Kaplan, dated March 19, 2008. Therefore, no response is required.

53. The Fourth Cause of Action of Plaintiff's Complaint has been dismissed as against Defendant, by Order of The Honorable Lewis A. Kaplan, dated March 19, 2008. Therefore, no response is required.

## FIFTH CAUSE OF ACTION

54. Defendant incorporates by reference his responses to Paragraphs 1 through 53 as if set forth herein.

55. Paragraph 55 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 55.

56. Paragraph 56 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Complaint, and therefore denies each and every allegation in Paragraph 56.

8

57. Paragraph 57 is a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Complaint, and therefore denies each and every allegation in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Defendant denies each and every allegation contained in Paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred because of their acts and conduct in acquiescing to Defendant's long-standing use of the CHI BY FALCHI mark. Plaintiff is therefore estopped from asserting these claims against Defendant.

### Second Affirmative Defense

Plaintiff waived its rights to object to the use of the CHI BY FALCHI mark by Defendant.

### Third Affirmative Defense

Plaintiff's trademark registrations were secured and maintained by means of fraud upon the United States Patent and Trademark Office, resulting in the invalidity of

9

the registrations, and the barring of Plaintiff's claims by virtue of their unclean hands.

### Fourth Affirmative Defense

The transfer of rights alleged by Plaintiff, from Plaintiff to Defendant Carlos Falchi, was an assignment in gross amounting to abandonment of the marks by Plaintiff.

### Fifth Affirmative Defense

The transfer of rights alleged by Plaintiff from Plaintiff to Defendant Carlos Falchi was a naked license, because Plaintiff maintained no quality control over use of the mark, amounting to abandonment of the mark by Plaintiff.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

The Complaint fails to state a claim for which relief may be granted.

### Eighth Affirmative Defense

Plaintiff's claims are barred because Defendant utilizes the mark CHI BY FALCHI as a derivation of his own surname, "Falchi."

### Ninth Affirmative Defense

Plaintiff's claims are barred because Defendant has consistently identified himself as an independent individual in no way associated with Co-Defendant Carlos Falchi's use or ownership of the Trademarks as identified in the Complaint.

### Tenth Affirmative Defense

20099v1

Plaintiff's claims are barred because Plaintiff cannot demonstrate any likelihood that the public will be confused or misled as to the source of Defendant's goods, or that the public will be confused or misled that Defendant's goods are produced by, or endorsed by, Plaintiff.

WHEREFORE, Defendant prays for an order of the Court:

1.    Dismissing the Complaint with prejudice;

2.    Awarding Defendant his costs of suit, including reasonable attorney's fees; and

3.    Awarding Defendant such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

### Facts

1.  Plaintiff-in-counterclaim Marcos Falchi ("Marcos") is an individual having a business address of 320 East 42nd Street, Suite 905, New York, New York 10017.

2.  Marcos is the owner of the mark CHI BY FALCHI as a trademark, trade name, and as a service mark as applied to a wide range of goods and services.

3.  Marcos is the owner of U.S. Trademark Application Serial No. 78331576 for CHI BY FALCHI in International Class 18 for:

> handbags; pocketbooks; purses; briefcase-type portfolios; key cases; wallets; attache cases; tote bags; luggage; multi-purpose sport bags; traveling trunks and carry-on bags; shoulder bags; garment bags for traveling; umbrellas; parasols; walking sticks; whips; harnesses and saddlery; trunks; satchels; clutch bags; rucksacks; travel trunks; drawstring pouches; hat boxes for travel; leather and imitation bags for

shopping; cosmetic and vanity cases sold empty; document cases; traveling cases; business card cases.

4.  U.S. Trademark Application Serial No. 78331576 for CHI BY FALCHI was filed on November 21, 2003.

5.  Marcos is the owner of U.S. Trademark Application Serial No. 77057413 for CHI BY FALCHI in International Class 25 for:

> belts; blazers; blouses; boots; bottoms; caps; coats; dresses; ear muffs; earbands; fleece pullovers; footwear; gloves; hats; head wear; hosiery; jackets; kerchiefs; lingerie; loungewear; neckwear; pants; pullovers; robes; scarves; shirts; shoes; shorts; skirts; sleepwear; suits; suspenders; sweaters; swim wear; underwear; vests.

6.  U.S. Trademark Application Serial No. 77057413 for CHI BY FALCHI was filed on December 5, 2006.

7.  Marcos has been using the trademark CHI BY FALCHI in commerce since at least as early as January 1, 2004.

8.  Marcos is the sole owner of the mark CHI BY FALCHI.

9.  U.S. Trademark Registration Nos. 1116624 and 1477810 (the "CARLOS FALCHI Registrations," as so identified in Paragraph 13 of Plaintiff's Complaint) for the marks CARLOS FALCHI and CARLOS FALCHI and design (the "CARLOS FALCHI Marks"), were originally filed and owned by Carlos Falchi.

10. Carlos Falchi assigned Reg. Nos. 1116624 and 1477810 to Double N, Inc. ("Double N") on May 11, 1993.

11. Double N assigned Reg. Nos. 1116624 and 1477810 to Cyber on July 19, 2000.

20099v1

12. By virtue of the July 19 assignment of Reg. Nos. 1116624 and 1477810, Cyber stepped into the shoes of Double N, the prior owner of the Registrations.

13. Double N filed a Section 8 Affidavit of Continued Use ("Section 8 Affidavit") for Reg. No. 1477810 for CARLOS FALCHI, on February 18, 1994.

14. Double N made a false and fraudulent statement on its Section 8 Affidavit wherein it falsely claimed that: "That the trademark shown therein has been in continuous use in interstate commerce or commerce in the United States for more than five consecutive years from February 23, 1988 to the present on all the goods specified in the Registration except: shorts, pantsuits, jumpsuits, dresses, blouses, rainwear, headwear, sweaters, swimwear, and hats, as evidenced by the attached specimen ..."

15. Double N further stated: "That all statements made herein of my own knowledge are true and that all statements made herein on information and belief are believed to be true, and further that these statements are made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of this declaration or the registration to which it relates."

16. The Section 8 Affidavit stating that Double N was using its mark CARLOS FALCHI on all the goods specified in the Registration except shorts, pantsuits, jumpsuits, dresses, blouses, rainwear, headwear, sweaters, swimwear, and hats, and upon information and belief, was false and fraudulent because Double N was not, and

20099v1

in fact had never, used the mark CARLOS FALCHI in commerce on or in connection with <u>all</u> the remaining identified goods or services in Class 25.

17. The mark CARLOS FALCHI had not been used in commerce on or in connection with all the identified goods in Class 25.

18. The false and fraudulent declaration referred to above was allegedly made on the signatory's own knowledge and was not made on information and belief.

19. The false and fraudulent declaration referred to above was made by a person who knew or should have known the same were false and fraudulent.

20.    The false and fraudulent declaration referred to above was made with the intention that the USPTO rely upon the same.

21.    The USPTO did rely on the false and fraudulent declaration referred to above when it acknowledged and accepted the filing of the Section 8 Affidavit.

22.    Had the USPTO been aware of the false and fraudulent declaration, it would not have accepted the filing of the Section 8 Affidavit.

23.    Had the USPTO been aware of the false and fraudulent declaration, it would not have allowed the continued existence of the registration sought to be cancelled.

24.    As a result, Double N perpetrated a fraud on the United States Patent and Trademark Office, a fraud which continues to this day.

25. Double N filed an Affidavit of Excusable Non-Use for Reg. No. 1116624 on March 19, 1999.

26. Double N cited six litigation and bankruptcy proceedings dating back to the fall of 1996 as reasons for non-use of the mark in its Affidavit of Excusable Non-Use.

27. On February 3, 2000, Double N filed a Supplemental Response to its Section 9 Renewal.

28. Double N stated in its Supplemental Response that it was using the mark CARLOS FALCHI and design on handbags through its website www.doublen.bigstep.com, and attached pages from the site showing use on bags, and on a "Buffalo Agenda" for holding a calendar and planning diary.

29. Double N did not delete the goods from the registration on which it was not using the mark CARLOS FALCHI and design.

30. With respect to the filing of a Section 9 Renewal Application, TMEP § 1604.09(b) states: "If the owner of the registration intends to delete goods/services from the registration, this should be expressly stated in the affidavit or declaration. 37 C.F.R. §2.161(e)(2)."

31. With respect to the filing of a Section 9 Renewal Application, 37 C.F.R. §2.161(e)(2) states: "If the affidavit or declaration covers less than all the goods or services, or less than all the classes in the registration, specify the goods or services being deleted from the registration."

32. Double N was required to delete the remaining class 18 goods from the registration, pursuant to TMEP § 1604.09(b) and 37 C.F.R. §2.161(e)(2).

33. Double N failed to delete the remaining class 18 goods from the registration.

34. Therefore, Double N's Affidavit of Excusable Non-Use for Reg. No. 1116624, and its subsequent Supplemental Response, were deficient under TMEP § 1604.09(c).

35. Double N's renewal of Reg. No. 1116624 was false and fraudulent, wherein its failure to delete goods from its registration falsely lead the USPTO to believe that that the trademark shown in the registration was in continuous use in interstate commerce or commerce in the United States on all the goods specified in the registration.

36. Double N's mark CARLOS FALCHI and design was not being used in commerce, and in fact had never been used, on or in connection with all the identified goods in Class 18.

37. The false and fraudulent statement referred to above was allegedly made on the signatory's own knowledge and was not made on information and belief.

38. The false and fraudulent statement referred to above was made by a person who knew or should have known the same were false and fraudulent.

39. The false and fraudulent statement referred to above was made with the intention that the USPTO rely upon the same.

40. The USPTO did rely on the false and fraudulent statement referred to above when it acknowledged and accepted the filing of the renewal.

41. Had the USPTO been aware of the false and fraudulent declaration, it would not have accepted the renewal.

42. Had the USPTO been aware of the false and fraudulent declaration, it would not have allowed the continued existence of the registration sought to be cancelled.

43. As a result, Double N perpetrated a fraud on the United States Patent and Trademark Office, a fraud which continues to this day.

20099v1

44. As a result of the multiple frauds perpetrated on the United States Patent and Trademark Office, the CARLOS FALCHI Registrations sought to be cancelled continue to exist to the detriment of Marcos.

45. Marcos believes that he is and will be damaged by the continued use and registration of the CARLOS FALCHI Marks by Cyber.

46. Cyber was aware of Marcos's use of his mark CHI BY FALCHI at least as early as 2004.

47. Marcos sent leather samples to King Kong Leather Ware Ltd., on or around mid-2004, for the purpose of offering King Kong Leather Ware Ltd. an agreement to manufacture shoes on behalf of Marcos.

48. King Kong Leather Ware Ltd. is a parent company or affiliated company of Cyber.

49. John Khuu was a representative, principal and/or agent of both Cyber and King Kong Leather Ware Ltd.

50. Cyber was advised by Marcos that the proposed shoes would be marketed, offered and sold under the mark CHI BY FALCHI.

51. Cyber did not accept the offer by Marcos to enter into the manufacturing agreement.

52. Cyber did not object in any way to Marcos' use of his mark CHI BY FALCHI at the time Cyber first became aware of Marcos' CHI BY FALCHI mark.

20099v1

53. In December 2004, Cyber entered into a license agreement (the "License Agreement") with Carlos Falchi, the original owner of the trademarks CARLOS FALCHI, and CARLOS FALCHI and design (the "CARLOS FALCHI Marks").

54. The License Agreement is still in effect as of the date of this Answer and Counterclaim.

55. Paragraph 3 of the License Agreement states: "All products manufactured by Licensee hereunder shall conform to reasonable quality standards established by Licensor in consultation with Licensee which are appropriate for the Licensed Products. Licensee will comply with such quality standards and will take all reasonable steps to insure its compliance.    On Additional Products, Licensee shall act as Licensor's exclusive agent to advise Licensor of the actions being taken to insure that reasonable quality standards set by Licensor in consultation with Licensee are being met."

56. Paragraph 1.02 of the License Agreement defines "Licensed Products" as "handbags, pocketbooks, purses, briefcase-type portfolios, key cases, wallets, attache cases, tote bags, and luggage as set forth in Trademark Registration 1,116,624 and shoes (including sandals, boots or other footwear) as set forth in Trademark Registration 1,477,810 …"

57. Paragraph 1.03 defines "Additional Products" as: "All products other than Shoes set forth in Trademark Registration 1,477,810."

58. Cyber, as the named Licensor in the License Agreement, never established any quality standards for the Licensed Products or Additional Products.

59. Cyber made no efforts to control the quality of the products to which the CARLOS FALCHI Marks were applied.

60. Cyber neither policed nor inspected its licensee's operations to guarantee the quality of the products it sold under its trademarks to the public.

61. Cyber's course of conduct with respect to the use of the CARLOS FALCHI Marks constitutes an abandonment of ownership.

62. Abandonment has occurred as a result of Cyber's acts of commission or omission causing the CARLOS FALCHI Marks to lose their significance as indications of origins.

63. Cyber exercised insufficient quality control and therefore abandoned its rights in the CARLOS FALCHI Marks.

64. Cyber has therefore engaged in naked licensing, resulting in abandonment of the CARLOS FALCHI Marks.

65. Cyber has discontinued use of the mark covered by Reg. No. 1116624, CARLOS FALCHI and design, in International Class 18 for at least three (3) years.

66. Cyber intends not to resume use of the mark covered by Reg. No. 1116624, CARLOS FALCHI and design.

67. Cyber's failure to make use of the mark covered by Reg. No. 1116624, CARLOS FALCHI and design, in the United States on "handbags, pocketbooks, purses, briefcase-type portfolios, key cases, wallets, attache cases, tote bags, and luggage," for a period of three (3) years is prima facie evidence of abandonment.

68. Cyber has abandoned Reg. No. 1116624, CARLOS FALCHI and design, in International Classes 18 in the United States.

69. The continued existence of Reg. Nos. 1116624 and 1477810 creates a serious cloud on Marcos's continued right to use CHI BY FALCHI, or any other variation of his name.

70. Marcos believes that he is and will be damaged by the continued registration of the CARLOS FALCHI Marks to Cyber.

## COUNT I
## (Abandonment)

71. Marcos repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72. Cyber has abandoned the CARLOS FALCHI Marks as identified in Paragraph 13 of Cyber's Complaint.

## COUNT II
## (Fraud on the USPTO, Reg. No. 1477810)

73. Marcos repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 72 as if fully set forth herein.

74. Cyber's trademark Reg. No. 1477810 is not valid, as the Section 8 Affidavit filed on February 18, 1994 was false and fraudulent.

## COUNT III
## (Fraud on the USPTO, Reg. No. 1116624)

75. Marcos repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 74 as if fully set forth herein.

76. Cyber's trademark Reg. No. 1116624 is not valid, as the Section 9 Renewal filed on February 3, 2000 was false and fraudulent.

20099v1

WHEREFORE, Plaintiff-in-counterclaim Marcos Falchi prays for judgment as follows:

1. Judgment in favor of Plaintiff-in-counterclaim Marcos Falchi dismissing Defendant-in-counterclaim Cyber's Complaint in its entirety and with prejudice;

2. A finding that Defendant-in-counterclaim Cyber has abandoned all right, title and interest in and to the CARLOS FALCHI Marks;

3. A finding that Defendant-in-counterclaim Cyber's U.S. Trademark Registration Nos. 1116624 and 1477810 hereby be cancelled;

4. Such other relief as this Court deems proper.

Brian Gaynor, Esq. (BG 0387)
**MALDJIAN & FALLON LLC**
365 Broad Street, Third Floor
Red Bank, New Jersey 07701
P.732.275.3100
F.732.530.2039
bgaynor@mfiplaw.com
Attorneys for
Plaintiff-in-counterclaim,
Marcos Falchi
Dated: April 24, 2008

20099v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Maldjian & Fallon LLC**
Brian M. Gaynor (BG 0387)
365 Broad Street, Third Floor
Red Bank, New Jersey 07710
Attorneys for Defendant,
Marcos Falchi

---

Cyber Champion International, Ltd.

vs.

Carlos Falchi, Marcos Falchi, and
XYZ Companies

Case No.: 07 CIV 9503 (LAK)

**AFFIDAVIT OF SERVICE**

---

I, Brian M. Gaynor, Esq., **declare under penalty of perjury** that I have served a

copy of the attached Defendant's Answer and Counterclaim, upon Harlan M. Lazarus,

Esq., of Lazarus & Lazarus, P.C., counsel for Plaintiff, whose address is 240 Madison

Avenue, 8th Floor, New York, New York 10016 by first-class mail.

Dated:        Red Bank, New Jersey
              April 24, 2008

Brian Gaynor, Esq. (BG 0387)
**MALDJIAN & FALLON LLC**
365 Broad Street, Third Floor
Red Bank, New Jersey 07701
P.732.275.3100
F.732.530.2039
bgaynor@mfiplaw.com
Attorneys for Defendant