UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                        Plaintiff,

                                                                  Case No.: 07 CV 9503 (LAK)

       - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                        Defendants.
------------------------------------------------------------X

## CYBER CHAMPION INTERNATIONAL, LTD. REPLY TO COUNTERCLAIMS OF MARCOS FALCHI

Plaintiff, Cyber Champion International, Ltd, (the "Plaintiff" or "Cyber"), by its attorneys, Lazarus & Lazarus, PC, respond to Defendant MARCOS FALCHI'S (the "Defendant" or "Marcos") COUNTERCLAIMS as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "1".

2. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "2".

3. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "3".

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "4", except refers to the Application referenced therein, and the docket of the United States Patent and Trademark Office ("USPTO") for the information pertinent thereto.

5. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "5".

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "6", except refers to the Application referenced therein, and the docket of the USPTO for the information pertinent thereto.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "7".

8. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "8".

9. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "9" by referring to the docket of the USPTO for the information pertinent thereto.

10. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "10" by referring to the books, records and documents memorializing the assignment referenced therein for the full and complete content thereof.

11. Admits the allegations of paragraph "11" of the Counterclaim and refers to the books, records and documents memorializing the assignment referenced therein for the full and complete content thereof.

12. Paragraph "12" of the Counterclaim is a legal conclusion with respect to which Cyber does not plead, except respectfully avers that no act, conduct or omission of Cyber, or, upon information and belief, any predecessor in interest, has given risen to a claim on the part of Marcos, or any other party in interest.

13. Pleads to the paragraph of the Counterclaim marked and numbered "13" by referring to the USPTO filing referenced therein for the content thereof.

14. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "14".

15. Pleads to the paragraph of the Counterclaim marked and numbered "15" by referring to the USPTO filing referenced therein for the content thereof.

16. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "16", except avers that said denial is upon information and belief.

17. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "17", except avers that said denial is upon information and belief.

18. Pleads to the paragraph of the Counterclaim marked and numbered "18" by referring to the document referenced therein for the text thereof, except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "19", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "20", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

21. Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in the paragraph of the Counterclaim marked and numbered "21", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "22", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "23", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

24. Upon information and belief, denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "24" as to Double N and denies entirely as to Cyber.

25. Pleads to the paragraph of the Counterclaim marked and numbered "25" by referring to the USPTO filing referenced therein for the content thereof.

26. Pleads to the paragraph of the Counterclaim marked and numbered "26" by referring to the USPTO filing referenced therein for the content thereof.

27. Pleads to the paragraph of the Counterclaim marked and numbered "27" by referring to the USPTO filing referenced therein for the content thereof.

28. Pleads to the paragraph of the Counterclaim marked and numbered "28" by referring to the USPTO filing referenced therein for the content thereof.

29. Pleads to the paragraph of the Counterclaim marked and numbered "29" by

referring to the USPTO filing referenced therein for the content thereof.

30. Respectfully refers to the TMEP Section referenced at paragraph "30" of the Counterclaim for the full and complete text thereof.

31. Respectfully refers to the TMEP Section referenced at paragraph "31" of the Counterclaim for the full and complete text thereof.

32. Respectfully refers to the TMEP Section referenced at paragraph "32" of the Counterclaim for the full and complete text thereof, and otherwise avers that the allegations of such paragraph set forth a legal conclusion to which Cyber does not plead except respectfully avers that no act, conduct or omission of Cyber, or, upon information and belief, any predecessor in interest, has given risen to a claim on the part of Marcos, or any other party in interest.

33. Respectfully refers to the document referenced at paragraph 33 of the Counterclaim therein for the text thereof.

34. Respectfully refers to the TMEP Section referenced at paragraph "34" of the Counterclaim for the full and complete text thereof, and otherwise avers that the allegations of such paragraph set forth a legal conclusion to which Cyber does not plead except respectfully avers that no act, conduct or omission of Cyber, or, upon information and belief, any predecessor in interest, has given risen to a claim on the part of Marcos, or any other party in interest.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "35", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

36. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "36", except avers that said denial is upon information and belief.

37. Pleads to the paragraph of the Counterclaim marked and numbered "37" by referring to the document referenced therein for the text thereof, except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "38", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "39", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "40", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "41", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "42", except avers that, upon information and belief, no part of the document referenced therein sets forth a false or fraudulent declaration.

43. Upon information and belief, denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "43" as to Double N and denies entirely as to Cyber.

44. Upon information and belief, denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "44", except respectfully avers that no act, conduct or omission of Cyber, or, upon information and belief, any predecessor in interest, has given risen to a claim on the part of Marcos, or any other party in interest.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "45".

46. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "46".

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "47".

48. Admits paragraph "48".

49. Admits paragraph "49".

50. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "50" except respectfully refers to such notices subject thereof for the content therein.

51. Admits paragraph "51".

52. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "52".

53. Admits paragraph "53" except refers to the License Agreement referenced therein for the content thereof.

54. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "54".

55. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "55" by referring to the paragraph of the Counterclaim referenced therein for the full and complete content thereof.

56. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "56" by referring to the paragraph of the Counterclaim referenced therein for the full and complete content thereof.

57. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "57" by referring to the paragraph of the Counterclaim referenced therein for the full and complete content thereof.

58. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "58".

59. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "59".

60. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "60".

61. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "61".

62. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "62".

63. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "63".

64. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "64".

65. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "65".

66. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "66".

67. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "67".

68. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "68".

69. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "69" and avers that Marcos has no right to use the name.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Counterclaim marked and numbered "70".

71. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "71" as hereinbefore and hereinafter alleged.

72. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "72".

73. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "73" as hereinbefore and hereinafter alleged.

74. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "74".

75. Pleads to each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "75" as hereinbefore and hereinafter alleged.

76. Denies each and every allegation set forth in the paragraph of the Counterclaim marked and numbered "76".

### First Affirmative Defense

77. The Counterclaims fails to state a cause of action.

### Second Affirmative Defense

78. The Counterclaims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

79. The Counterclaims are barred by the doctrine of laches.

### Fourth Affirmative Defense

80. The Counterclaims are barred by the applicable Statute of Limitations.

### Fifth Affirmative Defense

81. The Counterclaims are barred because Marcos lacks standing to assert the same.

### Sixth Affirmative Defense

82. The Counterclaims are barred because Marcos has failed to name a necessary party.

### Seventh Affirmative Defense

83.     The Counterclaims are barred by the doctrine of equitable estoppel.

### Eighth Affirmative Defense

84.     The Counterclaims are barred by the wrongful intent of Marcos.

### Ninth Affirmative Defense

85.     The Counterclaims are barred by the facts set forth in the Complaint.

### Tenth Affirmative Defense

86.     The Counterclaims are barred by the pendency of prior and similar claims before the USPTO.

### Eleventh Affirmative Defense

87.     The Counterclaims are barred by Marcos' violation of applicable law.

### Twelfth Affirmative Defense

88.     The Counterclaims are barred by reason of Marcos' deception.

### Thirteenth Affirmative Defense

89.     Cyber's trademarks are incontestable.


Date:   May 14, 2008
        New York, New York

                                        LAZARUS & LAZARUS, P.C.
                                        *Attorneys for Plaintiff,*
                                        *Cyber Champion International, Ltd.*

                                By:     _____
                                        HARLAN M. LAZARUS (HML-0268)
                                        240 Madison Avenue, 8th Floor
                                        New York, New York 10016
                                        Tel. (212) 889-7400

*TO:*   **MALDJIAN & FALLON LLC,**
*Attorneys for Defendant, Marcos Falchi*
365 Broad Street, 3rd Floor
Red Bank, NJ 07701
**Attn: BRIAN GAYNOR, ESQ.**

*- and -*

*TO:*   **BALLON STOLL BADER & NADLER, P.C.,**
*Attorneys for Defendant, Carlos Falchi*
729 Seventh Avenue, 17th Floor
New York, NY 10019
**Attn: DWIGHT YELLEN, ESQ**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                                                       Case No.: 07 CV 9503 (LAK)

                Plaintiff,

   - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,

                Defendants.
------------------------------------------------------------------X


## CYBER CHAMPION INTERNATIONAL, LTD. REPLY TO COUNTERCLAIMS OF MARCOS FALCHI


LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400