UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                      Plaintiff,

      - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                      Defendants.
-----------------------------------------------------------------X

Case No.: 07 CV 9503 (LAK)

## MEMORANDUM OF LAW IN SUPPORT OF CYBER CHAMPION, LTD.'S MOTION TO ENFORCE THE JUNE 3, 2008 SETTLEMENT AGREEMENT

LAZARUS & LAZARUS, P.C.
*Attorneys for Plaintiff*
240 Madison Avenue
New York, New York 10016
212.889.7400

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT                                                   1

II.  STATEMENT OF FACTS                                                      2

III. ARGUMENT                                                                6

     (A)  Once Entered Into, a Settlement is a Binding Contract              6

     (B)  The Parties Reached Agreement in Open Court
          Regarding the Settlement of this Matter                            7

IV.  CONCLUSION                                                              8

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE**

American Bridge Co. v. Acceptance Ins. Co.,                                                         8
*858 N.Y.S. 2d 261 (N.Y. App. Div.2.Dept., 2008)*

Blackstock v. Price,                                                                                8
*858 N.Y.S. 2d 733 (N.Y. App. Div.2.Dept., 2008)*

Canino v. Electronic Technologies Co.,                                                              8
*856 N.Y.S. 2d 683 (N.Y. App. Div.3.Dept., 2008)*

Chernow v. Chernow,                                                                                 7
*857 N.Y.S. 2d 721 (N.Y.App.Div.2 Dept.,2008)*

Hughes v. Lillian Goldman Family, LLC,                                                              7
*153 F. Supp. 2d 435 (S.D.N.Y., 2001)*

Interspace Incorp. v. Morris,                                                                       6
*650 F. Supp. 107, 110 (S.D.N.Y. 1986)*

Janneh v. GAF Corp., *887 F. 2d 432, 436 (2d Cir. 1989)*                                            6

Meetings & Expositions, Inc. v. Tandy Corp.,                                                        6
*490 F.2d 714, 717 (2d Cir. 1974)*

Overeem v. Neuhoff,                                                                                 7
*722 N.Y.S. 2d 580 (N.Y. App. Div.2.Dept., 2001).*

Pretterhofer v. Pretterhofer,                                                                       7
*829 N.Y.S. 2d 601 (N.Y. App. Div.2.Dept., 2007)*

Racanelli Const. Co., Inc. v. Tadco Const. Corp.,                                                   8
*855 N.Y.S. 2d 645 (N.Y. App. Div.2.Dept., 2008).*

S.E.C. v. Credit Bancorp, Ltd.,                                                                     8
*232 F. Supp. 2d 260 (S.D.N.Y., 2002);*

Town of Wallkill v. Tesa Tape, Inc.,                                                                7
*982 F. Supp.300 (S.D.N.Y., 1997)*

**CASES**                                                                 **PAGE**

Willgerot on Behalf of Majority peoples'
Fund for the 21st Century, Inc. v. Hohri,
953 F. Supp. 557 *(S.D.N.Y., 1997)*                                       7

Town of Clarkstown v. M.R.O. Pump & Tank, Inc.,
731 N.Y.S. 2d 231 *(N.Y. App. Div.2.Dept., 2001);*                        8

**CASES**                                                                 **PAGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                                Case No.: 07 CV 9503 (LAK)

                  Plaintiff,

- against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                  Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF CYBER CHAMPION, LTD.'S MOTION TO ENFORCE THE JUNE 3, 2008 SETTLEMENT AGREEMENT

### I. PRELIMINARY STATEMENT

Plaintiff, Cyber Champion International, Ltd. ("Plaintiff") through Plaintiff's counsel, Lazarus & Lazarus, P.C., respectfully submits this Memorandum of Law in Support of Plaintiff's Motion requesting an for an Order *(i)* enforcing the June 3, 2008 Settlement Agreement; *(ii)* directing the Clerk of this Court to enter a money judgment against Carlos Falchi in the sum of One Million Dollars ($1,000,000.00); *(iii)* permanently enjoining Defendants, Carlos Falchi ("Carlos") and Marcos Falchi ("Marcos") (collectively referred to as the "Defendants") from, directly or indirectly, using in commerce any trademarks, tradenames, and/or marks derived from, similar to, suggesting, and/or resembling Plaintiff's "Carlos Falchi" Trademarks, or any variations thereof; *(iv)* permanently enjoining Plaintiff and Defendants from, directly or indirectly, using in commerce the mark "Chi By Falchi"; and *(v)* permanently enjoining Carlos from, directly or indirectly, publicly associating Carlos's name with use by Marcos, directly or indirectly, of a mark, in whole, or in part, consistent with "Chi". (collectively referred to herein as the "Motion").

The Settlement Agreement, and the Falchi's confirmation thereof, is set forth and recorded on the Transcript of Civil Cause For Settlement Conference Before the Judge. Eaton (the "Transcript"). See Exhibit A ("Ex. A") to the Affirmation of Harlan M. Lazarus in Support of Plaintiff's Motion ("HML.").

## II. STATEMENT OF FACTS

Cyber commenced filed a Complaint on October 24, 2007 for, *inter alia*, trademark infringement and related claims for relief.

Carlos answered the Complaint; Marcos moved to dismiss.

Marcos' motion to dismiss was substantially denied by an Order of Lewis A. Kaplan, District Judge (the "District Judge"), dated March 20, 2008, Marcos later answered and asserted a Counterclaim.

On April 1, 2008 the District Judge ordered that the Action be referred to the Court for assignment to a Magistrate Judge for Settlement. The matter was referred to Judge Eaton, and a Settlement Conference was held before Judge Eaton on June 3, 2008 (the "Settlement Conference").

The Settlement Conference was attended by Harlan M. Lazarus ("Lazarus"), counsel for Plaintiff, John Khuu ("Khuu"), representative for Plaintiff, Dwight Yellen ("Yellen"), counsel for Carlos, George Kachejian ("Kachejian"), on behalf of Carlos; identified as "acting CFO... of [Carlos's] company" (HML Ex. A pg.3), Brian Gaynor ("Gaynor"), counsel for Marcos, and Marcos in person.

Yellen and Kachejian had "authority" for Carlos, and Carlos was available by telephone (HML Ex. A pgs. 3 and 6; HML .¶12.)

Upon conclusion of the settlement negotiations, the Court stated, on the record, "All of those people[1] are here in Courtroom 18-A, and I believe we have reached a settlement agreement. I'm going to turn the floor over to [Yellen]. I'll ask everyone to listen closely while he states what he believe are the terms of the settlement agreement. And when he's done talking, I'm going to ask each other person whether [Yellen] has accurately stated the terms of the settlement agreement. All right." (HML Ex. pg. 6).

Yellen proceeded to set forth the terms and conditions of the Settlement Agreement, as understood and agreed to by all the parties (HML. Ex. A pgs. 7-10). Yellen began his statement to the Court, " *The matter is settled on the following terms and conditions...*" (HML Ex. A, pg. 7).

Yellen stated, "Papers that we contemplate drafting will not contradict this digital recording.[2] (HML. Ex. A, pg. 9).

The Settlement Agreement provided for conveyance of, *inter alia*, the "Carlos Falchi" trademarks subject of the Action to the Falchis at a set time for set consideration, the exact quantum of which was provided for, but, dependent upon the timing of the Falchis' payment. (Pgs. 7-13 of HML Ex. A)

---

[1] "All those people" refer to: Lazarus, Khuu, Yellen, Kachejian, Gaynor, and Marcos.

[2] The Transcript was digitally recorded and subsequently transcribed.

No limitation, condition, nor prerequisite to the effectiveness of the Settlment Agreement was set forth on the record. As Yellen set forth, *"The matter is settled..."* (HML Ex. A pg.7).

The Falchis' obligations were to be subject of a Promissory Note, and secured by, *inter alia,* a consent judgment against Carlos if the "first" payment was not made, and a security interest in the conveyed Carlos Falchi Trademarks (HML Ex. A pg. 7).

Among other requirements of the Settlement Agreement and pursuant to the Settlement Agreement, One Million Dollars ($1,000,000) was due Plaintiff from Carlos on or before September 2, 2008 (HML Ex. A pg. 7 - 9)

Carlos has defaulted on the payment of said sum.

Following Yellen's statement of what he believed the terms and conditions of the Settlement Agreement were, the Court requested that the remaining parties state what the believed to be the terms of the Settlement Agreement.

Khuu and Marcos were specifically questioned by the court as to their understanding of the settlement. Khuu and Marcos affirmed the accuracy of the Settlement Agreement (HML. Ex.A pg. 12).

Subsequent to the Settlement Conference, and, in particular, Lazarus and Yellen, exchanged draft formal "papers", e-mails and phone calls (HML Ex. B)

-4-

The subsequent events, nonetheless, culminated in the July 25, 2008 Lazarus letter to the Court requesting the Court's assistance and guidance in bringing closure to the Settlement Agreement (HML Ex.C)

In response to the July 25, 2008 letter, the Court held a Conference on August 5, 2008.

At the August 5th Conference, the Falchis advised of their alleged inability to consummate the Settlement Agreement; on August 6th, 2008, the Court issued a Memorandum and Order providing, *inter alia*, for the making of the Motion (the "Order"; HML. Ex. D).

On August 14th, 2008, Yellen wrote to the Court and advised that, *inter alia*, that the Falchis (or their representatives) were "stunned that there was even a hint that the discussion which we had in Court on June 3, 2008 and reflected in the transcript could possibly be binding...." (HML Ex. E).

The position set forth in Yellen's August 14th, 2008 letter to the Court is itself, "stunning", unsupportable, and, in any event, wholly contradicted by the Transcript.

At the date hereof, Cyber and the Falchi's remain in discussion as to the Falchis' requested renegotiation of the Settlement Agreement.

This Motion is made so as to comply with the Order.

The Falchis can not renounce the Settlement Agreement.

-5-

## III. ARGUMENT

### (A) Once Entered Into, a Settlement is a Binding Contract

"A settlement is a contract, and once entered into is binding and conclusive." Janneh v. GAF Corp., 887 F. 2d 432, 436 (2d Cir. 1989), cert. denied, 111 S. Ct. 177 (1990), *subsequently abrogated on other grounds by* Digital Equipment Corp. v. Desktop Direct, Inc., 114 S. Ct. 1992, 1995, 511 U.S. 863, 867 (U.S. Utah June 6, 1994). In determining whether a settlement was agreed to, a court looks "first to the plain language of the agreement." Janneh, 887 F.2d at 436 (citing, Kohl Indus. Park Co. v. County of Rockland, 710 F.2d 895, 903 (2d Cir. 1983)).

In this Circuit, there is a strong presumption in favor of settlement agreements and such agreements "will not be set aside in the absence of cause sufficient to invalidate a contract, such as fraud, collusion, mistalce or accident." Interspace Incorp. v. Morris, 650 F. Supp. 107, 110 (S.D.N.Y. 1986).

Once a settlement of a lawsuit has been reached, the district court has the power to enforce the agreement. See Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974). As stated by the Second Circuit, a party's bargained for right to avoid trial by enforcing a settlement agreement:

> "... implicates our nation's strong judicial and public policies favoring out-of-court settlement. Litigants, courts, and Congress view settlement as a positive force, indispensable to judicial administration. Foregoing formal courtroom procedures, including discovery, trial, briefs and arguments, brings substantial benefits to the parties. The costs of litigation are reduced and crowded dockets are relieved". Janneh, 887 F.2d at 435.

Under New York Law, a settlement entered into in open court is a contract and once entered into is considered to be a conclusive, binding, independent contract between the parties, and must be strictly enforced. See Hughes v. Lillian Goldman Family, LLC, 153 F. Supp. 2d 435 (S.D.N.Y., 2001) and Overeem v. Neuhoff, 722 N.Y.S. 2d 580 (N.Y. App. Div.2.Dept., 2001). See also Chernow v. Chernow, 857 N.Y.S. 2d 721 (N.Y.App.Div.2 Dept.,2008).

As between relevant parties, each settlement agreement is a separate contract and must be enforced according to its express terms. Town of Wallkill v. Tesa Tape, Inc., 982 F. Supp.300 (S.D.N.Y., 1997).

Settlement agreements are strongly favored in New York, and my not be lightly cast aside. Willgerot on Behalf of Majority peoples' Fund for the 21st Century, Inc. v. Hohri, 953 F. Supp. 557 (S.D.N.Y., 1997).

Open court stipulations of settlement are governed by law of contracts, and a party will not be relived of his or her obligations thereunder absent legally valid basis for invalidating such contract. Pretterhofer v. Pretterhofer, 829 N.Y.S. 2d 601 (N.Y. App. Div.2.Dept., 2007).

**(B)    The Parties Reached Agreement in Open Court Regarding the Settlement of this Matter**

During the Settlement Conference, the parties negotiated and agreed to terms of the Settlement Agreement, as set forth at length in the Transcript.

Yellen clearly stated, on the record, in open Court, "The matter is settled on the following terms and conditions..." (HML Aff. Ex.A, pg. 7). Stipulations of settlement are favored by courts and are not to be lightly set aside, particularly where the terms of

the stipulation were read into record and the party seeking to vacate the stipulation was represented by counsel. See Town of Clarkstown v. M.R.O. Pump & Tank, Inc., 731 N.Y.S. 2d 231 (N.Y. App. Div.2.Dept., 2001); Racanelli Const. Co., Inc. v. Tadco Const. Corp., 855 N.Y.S. 2d 645 (N.Y. App. Div.2.Dept., 2008).

Under New York law, stipulations of settlement, especially those entered into in open court, are favored and not lightly cast aside; rather a party will be relieved from agreement only where there is cause sufficient to invalidate contract, such as fraud, collusion, or accident. See S.E.C. v. Credit Bancorp, Ltd., 232 F. Supp. 2d 260 (S.D.N.Y., 2002); American Bridge Co. v. Acceptance Ins. Co., 858 N.Y.S. 2d 261 (N.Y. App. Div.2.Dept., 2008); Blackstock v.Price, 858 N.Y.S. 2d 733 (N.Y. App. Div.2.Dept., 2008); Canino v. Electronic Technologies Co., 856 N.Y.S. 2d 683 (N.Y. App. Div.3.Dept., 2008).

Plaintiff is entitled to the entry of the Order annexed to Plaintiff's Notice of Motion herein.

### IV.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in the accompanying Affirmation of Harlan M. Lazarus, Esq., in support of the Motion, Plaintiff respectfully requests that this Court grant Plaintiff's request for an Order:*(i)* enforcing the June 3, 2008 Settlement Agreement; *(ii)* directing the Clerk of this Court to enter a money judgment against Carlos in the sum of One Million Dollars ($1,000,000.00); *(iii)* permanently enjoining Defendants from, directly or indirectly, using in commerce any trademarks, tradenames, and/or marks derived from, similar to, suggesting, and/or resembling Plaintiff's "Carlos Falchi" Trademarks, or any variations thereof; *(iv)* permanently enjoining Plaintiff and Defendants from, directly or indirectly, using in commerce the mark "Chi By Falchi"; and *(v)* permanently enjoining Carlos from,

directly or indirectly, publicly associating Carlos's name with use by Marcos, directly or indirectly, of a mark, in whole, or in part, consistent with "Chi".

Dated: September 8, 2008
    New York, New York

                                    LAZARUS & LAZARUS, P.C.
                                    *Attorneys for Plainitff*

                            By: _____
                                  HARLAN M. LAZARUS (HML-0268)
                                  240 Madison Avenue
                                  New York, New York 10016
                                  (212) 889-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                              Case No.: 07 CV 9503 (LAK)

                Plaintiff,

    - against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,

                Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF CYBER CHAMPION, LTD.'S MOTION TO ENFORCE THE JUNE 3, 2008 SETTLEMENT AGREEMENT

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated: