UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYBER CHAMPION INTERNATIONAL, LTD.,

                        Plaintiff,

    - against -                              Case No.: 07 CV 9503 (LAK)

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                        Defendants.
------------------------------------------------------------X

## AFFIRMATION OF HARLAN M. LAZARUS, ESQ. IN SUPPORT OF CYBER CHAMPION, LTD.'S MOTION TO ENFORCE THE JUNE 3, 2008 SETTLEMENT AGREEMENT

Harlan M. Lazarus, an attorney at law duly admitted to practice before this Court, affirms the following to be true under penalties of perjury:

1. I am a member of the firm of Lazarus and Lazarus, P.C., attorneys for Plaintiff Cyber Champion International, Ltd. ("Cyber")

2. I submit this Affirmation in support of Cyber's Motion to Enforce a Settlement Agreement (the "Motion") made by and between Cyber and Defendants Carlos Falchi ("Carlos") and Marcos Falchi ("Marcos") (Marcos and Carlos, collectively the "Falchis") on June 3, 2008.

3. The Settlement Agreement was confirmed in open Court by and between Cyber and the Falchis.

4. The Settlement Agreement, and the Falchi's confirmation thereof, is set forth and recorded on the Transcript of Civil Cause For Settlement Conference Before the Honorable Douglas F. Eaton, United States Magistrate Judge. (the "Transcript") (the

"Court"). A copy of the Transcript is annexed hereto, made a part hereof and attached as Exhibit "A".

5. As is set forth in this Affirmation, and the accompanying Memorandum of Law, the Settlement Agreement is fully enforceable, and Cyber's Motion should be granted.

## THE UNDERLYING ACTION ( the "Action") AND PERTINENT PROCEEDINGS

6. Cyber commenced the Action by filing of a Complaint in this Court on October 24, 2007 for , *inter alia*, trademark infringement and related claims for relief.

7. Carlos answered the Complaint; Marcos moved to dismiss.

8. Marcos' motion to dismiss was substantially denied by Order of Lewis A. Kaplan, District Judge (the "District Judge") and Marcos later answered and asserted a Counterclaim.

9. On April 1, 2008, the District Judge entered an Order referring the Action to the Court for Settlement.

## THE JUNE 3, 2008 SETTLEMENT CONFERENCE

10. The Settlement Conference was attended by your Affirmant for Cyber, and Cyber in the person of John Khuu ("Khuu").

11. Separate counsel for each of the Falchis attended the Settlement Conference.

12. Marcos attended in person; Carlos attended by George Kachejian, described and identified as "acting CFO…of the Falchi company." Carlos was available by phone. Carlos' counsel, Dwight Yellen, Esq. ("Yellen") stated "And both myself and Mr. Kachejian do have authority. Transcript at pages 3 and 6.

13. At page 6, the Court stated:

> "All of those people are here in Courtroom 18-A, and I believe we have reached a settlement agreement. I'm going to turn the floor over to [Yellen] I'll ask everyone to listen closely while he states what he believe are the terms of the settlement agreement. And when he's done talking, I'm going to ask each other person whether [Yellen] has accurately stated the terms of the settlement agreement. All right."

14. At Transcript pgs. 7 through 10, Yellen set forth, in detail, the terms and conditions of the Settlement Agreement, beginning,

> *"The matter is settled on the following terms and conditions..."*

15. At Transcript page 9, Yellen stated, "Papers that we contemplate drafting will not contradict this digital recording.[1]

16. The Settlement Agreement provided, without limitation, for conveyance of, *inter alia*, the "Carlos Falchi" trademarks subject of the Action to the Falchis at a set time for set consideration, the exact quantum of which was provided for, but, dependent upon the timing of the Falchis' payment. See Transcript pgs. 7 - 13.

17. No limitation, condition, nor prerequisite to the effectiveness of the Settlement Agreement was set forth on the record. As Yellen set forth,

> *"The matter is settled..."* (See Transcript at page 7).

18. The Falchis' obligations were to be subject of a promissory note, and secured by, inter alia, a consent judgment against Carlos if the "first" payment was not made, and a security interest in the conveyed Carlos Falchi Trademarks.

19. At Transcript page 12, the Court stated, "All three lawyers have stated what they

---

[1] The Transcript was digitally recorded and subsequently transcribed.

believe the terms of the settlement agreement are."

20. Thereafter, Marcos and Khuu were specifically questioned by the Court as to the terms of the Settlement Agreement, as set forth by Yellen.

21. Each affirmed the accuracy of the Settlement Agreement. Transcript at page 12.

22. Among other requirements of the Settlement Agreement and pursuant to the Settlement Agreement, One Million Dollars ($1,000,000) was due Plaintiff from Carlos on or before September 2, 2008. Transcript at page 7 thru 9.

23. Carlos has defaulted on the payment of said sum.

## SUBSEQUENT EVENTS

24. Subsequent to June 3, 2008, and, in particular, Affirmant and Yellen, exchanged draft formal "papers", e mails and phone calls. Copies of the pertinent e-mails (without attachments) are annexed as Exhibit B.

25. The subsequent events, nonetheless, culminated in your Affirmant's letter to the Court of July 25th, 2008, a copy of which is annexed hereto, made a part hereof, and attached as Exhibit C.

26. Exhibit C requested the Court's assistance and guidance in bringing the Settlement Agreement to closure.

27. A conference was had before the Court on August 5th, 2008.

28. At the August 5th, 2008 conference, the Falchis advised of their alleged inability to consummate the Settlement Agreement; on August 6th, 2008, the Court issued a Memorandum and Order providing, inter alia, for the making of the Motion. Said Order is attached hereto as Exhibit D.

29. On August 14th, 2008, Yellen wrote to the Court and advised that, inter alia, that the Falchis (or their representatives) were "stunned that there was even a hint that the discussion which we had in Court on June 3, 2008 and reflected in the transcript could possibly be binding…." See Exhibit E to this Affirmation.

30. The position set forth in Yellen's August 14th, 2008 letter to the Court is itself, "stunning", unsupportable, and, in any event, wholly contradicted by the Transcript.

31. At the date hereof, Cyber and Falchi's remain in discussion as to the Falchis' requested renegotiation of the Settlement Agreement.

32. This Motion is made so as to comply with the August 6th, 2008 Order.

33. The Falchis can not renounce the Settlement Agreement.

34. Cyber requests that this Court therefore enter an Order: *(i)* enforcing the June 3, 2008 Settlement Agreement; *(ii)* directing the Clerk of this Court to enter a money judgment against Carlos in the sum of One Million Dollars ($1,000,000.00); *(iii)* permanently enjoining Defendants from, directly or indirectly, using in commerce any trademarks, tradenames, and/or marks derived from, similar to, suggesting, and/or resembling Plaintiff's "Carlos Falchi" Trademarks, or any variations thereof; *(iv)* permanently enjoining Plaintiff and Defendants from, directly or indirectly, using in commerce the mark "Chi By Falchi"; and *(v)* permanently enjoining Carlos from, directly or indirectly, publicly associating Carlos's name with use by Marcos, directly or indirectly, of a mark, in whole, or in part, consistent with "Chi".

Dated: September 8, 2008
    New York, New York

                                              LAZARUS & LAZARUS, P.C.
                                              *Attorneys for Plainitff*

                                      By: _____
                                        HARLAN M. LAZARUS (HML-0268)
                                        240 Madison Avenue
                                        New York, New York 10016
                                        (212) 889-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CYBER CHAMPION INTERNATIONAL, LTD.,

Case No.: 07 CV 9503 (LAK)

                Plaintiff,

- against -

CARLOS FALCHI, MARCOS FALCHI, and
XYZ COMPANIES,
                Defendants.
-----------------------------------------------------------------X

## AFFIRMATION OF HARLAN M. LAZARUS, ESQ. IN SUPPORT OF CYBER CHAMPION, LTD.'S MOTION TO ENFORCE THE JUNE 3, 2008 SETTLEMENT AGREEMENT

LAZARUS & LAZARUS, P.C.
*Attorneys for Defendants*
240 Madison Avenue, 8th Floor
New York, New York 10016
Tel. (212) 889-7400

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated: ................................................